Van Houten v. State.

## VAN HOUTEN v. STATE.

1. The crime of indecent exposure is committed if a person intentionally makes such exposure in the view from the windows of two neighboring dwelling-houses.
2. It is not necessary that any person should actually see such exposure if it was made in a public place with the intent that it should be seen, and persons were there who could have seen if they had looked.

On writ of error to the Essex Sessions.

Argued at November Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff in error, *Edward M. Colie.*

For the state, *Oscar Keen,* Prosecutor of the Pleas.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This was an indictment charging·the defendant with indecent exposure. The criminal act alleged was that the defendant, in urinating, intentionally exposed his nakedness in a public place. The transaction in question occurred in the yard of a house which was occupied in part by the defendant and in part by the prosecutors. The defendant himself, when on the stand as a witness, admitted that if he had done the act in the place designated by the

prosecutors in their testimony, he would have exposed himself to the windows of two dwelling-houses that were then inhabited and were close to the *locus in quo*. The defendant, at the trial, in his own testimony, denied that he occupied the position in question, and asserted that at the time of the occurrence he had betaken himself to a place retired from observation.

If the state's account of this affair was the truth, there can be no doubt that, in a legal sense, the act complained of was done in a public place. Accepting that version as the true one, the defendant exposed himself so that he could be seen from the windows of two dwelling-houses that were within a few feet of the place of the occurrence. If it were the law that a man could lewdly expose his naked person to the inmates of two dwelling-houses, as was said in the case of *Reg.* v. *Holmes*, 6 *Cox C. C.* 216, "this would not be a country fit to live in if such an abominable outrage could go unpunished."

According to the law of this offence the place is a public one if the exposure is such that it is likely to be seen by a number of casual observers. In the case of *Reg.* v. *Farrell*, 9 *Cox C. C.* 446, which is an authority relied upon by the defence in the present instance, it was declared that by an indecent exposure in a place not far from a highway, the common law offence had not been committed, but the court was careful to supplement its decision with the remark "that it is not to be taken that we lay down that if the prisoner was seen by one person, but there was evidence that others might have witnessed the offence at the time, we would not uphold the conviction."

On the facts of the case, if the jury took them as stated by the witnesses for the prosecution, the place of the alleged offence was a public place, and if the judge had so told the jury his charge in that respect would have been legal and would have comprised all that he could be required to say on the subject. The same testimony proved that when in that position he was seen by them to make an indecent exposure of his person. Upon this subject the trial judge charged in these

words: "I think the true principle is, and I so instruct you, that as a general proposition the place where the exposure is made should be public; but that it is sufficient if the place is not ordinarily public, but only so in consequence of persons being temporarily assembled there; and further that there is no need that the exposure should be actually seen by any one, provided that it was made to be seen, and those who were there could have seen it if they had looked; and if so made, the place being public, it is immaterial whether the exposure was made to one person or to many."

In my opinion this extract from the charge contains a proper expression of the law on this general subject, but that part of it which consists of the declaration that the delinquent need not be seen by any one, was not germane to the case, for both witnesses on the part of the state had unequivocally testified that they had seen the indecent exposure in question. This was an essential part of their statement, and it is not within the range of possibility that the jury could have convicted the defendant on their testimony of the offence charged, and at the same time rejected their averment that they saw it. Consequently, if the charge was faulty in holding that the defendant was guilty, although no one actually saw the indecent exposure made by him, an exception on that point could not avail in this writ of error, as such misstatement of the law could not have prejudiced the defendant on the trial of the merits of the case. But, as I have said, I do not think that, even with respect to legal theory, there was any fallacy in the charge in this particular.

The jury were further instructed on the subject of criminal purpose in the following language: "I instruct you that the testimony must show that the exposure was not merely accidental, and in order to convict the defendant you ought to be satisfied, from the testimony, that the exposure was intentional, at such time and place, and such manner as to offend against public decency; but intent may be inferred from recklessness. It is not necessary that some witness should testify that the defendant had said that he intended to commit the act; you

can infer what he intended to do from what he actually did do."

This also was a correct statement of the law on this branch ·of the case, and taken in connection with the previous instruction above referred to, was all that could be properly required. The defence, indeed, requested that the court should charge the jury with respect to eighteen legal propositions which were submitted in writing, but the whole of them were properly rejected, as all the law appertaining to the matters in issue had been, with entire clearness and correctness, already expounded.

The judgment should be affirmed.