Louis Buffano was indicted by the grand jury of Hudson County. The indictment charged that he "did commit a notorious act of public indecency by exposing his private parts to one X, contrary to the provisions of R.S. 2:140-1." The indictment actually states the name of the individual, a minor female, to whom the exposure is alleged to have been made, but for obvious reasons we do not name her.
It is unnecessary to recite the details of the act or acts of the defendant which led to his indictment, trial and conviction, except to say that the incident occurred in a theatre where X was sitting with the defendant on her right, a brother, her mother and another brother in that order to her left. On the State's case, the mother was asked whether she saw the defendant expose himself and answered in the negative. X. when asked to detail what happened, did not testify to any exposure. *Page 257 
The appellant argues that the court erred in denying a motion for judgment of acquittal under Rule 2:7-7 and that the verdict was against the weight of the evidence. Our disposition of the first ground makes unnecessary a discussion of the second. The statute under which the indictment is laid provides that "any person who shall be guilty of * * * any notorious act of public indecency, * * * shall be guilty of a misdemeanor." The indictment charges the defendant with the commission of a particular act, to wit, exposure of his private parts to X. The question is whether the proofs support the charge laid, and in this respect we have no doubt but that they do not do so. InBishop's New Criminal Law, 8th Edition, Chapter LXX, that author says of exposure of the person that "contrary to the rule for most nuisances, * * * this one, being momentary and fleeting, and addressed to the eye, is not committed when not seen,". In the instant case, there is no evidence that anyone saw the alleged act of exposure.
The State relies upon Van Houten v. State, 46 N.J.L. 16
(Sup. Ct. 1883). In the trial of that case, the court charged the jury "that there is no need that the exposure should be actually seen by any one, provided that it was made to be seen, and those who were there could have seen it if they had looked." In commenting upon this charge, Chief Justice Beasley said: "In my opinion this extract from the charge contains a proper expression of the law on this general subject, but that part of it which consists of the declaration that the delinquent need not be seen by any one, was not germane to the case, for both witnesses on the part of the State had unequivocally testified that they had seen the indecent exposure in question. This was an essential of their statement, and it is not within the range of possibility that the jury could have convicted the defendant on their testimony of the offence charged, and at the same time rejected their averment that they saw it." Van Houten v. State,supra, is not authority for the proposition that a conviction may be had for indecent exposure without proof of the fact that the exposure was seen by someone. As the Chief Justice *Page 258 
carefully points out, the charge of the trial court in that respect was not germane to the case.
The evidence in this case was insufficient as a matter of law to support the conviction. The judgment under appeal is reversed.