[No. 35213. Department One. February 18, 1960.]

THE STATE OF WASHINGTON, *Plaintiff*, v. WILLIAM LEWIS, *Defendant and Relator*, THE SUPERIOR COURT FOR KING COUNTY, *Henry Clay Agnew, Judge, Respondent.*[1]

[1]Reported in 349 P. (2d) 438.

*Alan L. Froelich,* for defendant and relator.

*Charles O. Carroll* and *Anthony Savage, Jr.,* for respondent.

ROSELLINI, J.—By this application for a writ of certiorari in *forma pauperis,* the relator seeks review of the trial court's refusal to furnish a statement of facts at public expense, in accordance with the procedure set forth in *In re Woods v. Rhay,* 54 Wn. (2d) 36, 338 P. (2d) 332.

The relator, after a jury trial, was found guilty of illegal possession of narcotics. At the trial he was represented by counsel of his choice. Thereafter, the same attorney was appointed by the trial court to represent the relator for the purpose of seeking an appellate review of his conviction and to obtain the statement of facts at public expense.

The relator in his motion for a statement of facts[2] set forth the following:

". . . An instruction given by the Court, which was not objected to by the prosecution, stated as follows: 'It is not sufficient that the proved circumstances merely be consistent with the theory of guilt; they must be irreconcilable with innocence in order to justify conviction.'

"It is the position of affiant and defendant on an appeal that the proven circumstances in this case are not irreconcilable with innocence. On appeal the Court will be asked to reconcile the law of the case as is set forth in this instruction with the peculiar circumstances related by the arresting officers of the Seattle Police Force.

"These peculiar circumstances included (although are not limited to) the fact that the apprehension of Defendant was December 18, 1958. Defendant was not arrested and the narcotics were not discovered in his possession. After detention by the police officers for an hour or two, Defendant was released and the police officers knew, having searched Defendant and discovered a plane ticket in his pocket, that he was leaving Seattle for Jacksonville, Florida. Defendant, a day or two later, did actually leave for Jacksonville, Florida, where he was arrested by telegraphic warrant from Seattle in January. One of the Seattle Police Department officers who apprehended Defendant in December, flew to

[2]The term statement of facts is synonymous with the term stenographic transcript of the record or testimony.

Florida, took Defendant into custody and flew back to Seattle. Defendant was charged, by information filed March 11, 1959, with the unlawful possession of narcotics on December 18, 1958.

"It is the belie[f]ve of affiant and Defendant that these facts should be subjected to a[n] appellant [appellate] review in light of the law of the case that the circumstance must be irreconcilable with any theory of innocence."

The trial court denied the relator's motion for a statement of facts at public expense by a formal order based upon a memorandum opinion. All parties desire and are willing that this court consider the memorandum opinion as a finding of fact for the purpose of this review. The pertinent part of the trial court's memorandum opinion or "finding" is as follows:

"There is no doubt of the defendant being indigent and entitled to a statement of facts at the expense of the county if such is necessary and if the defendant has any honestly debatable assignment of error. I find the present application to be frivolous. It undertakes to challenge the sufficiency of the evidence to justify the verdict without in any way showing any insufficiency or specifying the same with any particularity.

"The instruction mentioned was in its wording very favorable to the defendant and reads as follows: . . .

" 'Where circumstantial evidence alone is depended on to prove guilt, the proved circumstances must be consistent with each other and inconsistent with any reasonable hypothesis of innocence.

" 'It is not sufficient that the proved circumstances merely be consistent with the theory of guilt; they must be irreconcilable with innocence in order to justify a conviction.'

"Two police officers testified. One of them testified that at the time of defendant's arrest he threw away a small package which fell under a stairway, and that he, having to hold the defendant, asked his partner to look for the package and get it. This his partner did and it turned out to be narcotics. The officer who picked up the package testified to the same set of circumstances. They both testified that the defendant for a short time denied that the narcotics were his or that he threw any package. He later freely admitted that he had done so and offered to cooperate in obtaining a buy from the man who had sold him the nar-

cotics. Defendant was released for this purpose agreeing to meet the officers at a certain time and place. Instead of doing so, the defendant took a change of venue to Florida. The defendant put in no testimony and the jury seemed to take the undisputed testimony of the officers as true, very promptly finding the defendant guilty."

The relator's counsel in his argument before this court (reproduced by tape recorder on which all oral arguments are taped), when asked whether or not Judge Agnew's memorandum opinion was correct, answered as follows:

"I do not deny that police officers testified to that chain of circumstances. As I represented the defendant at the trial court, I know that he testified to that. Judge Agnew's recollection is correct."

And when asked whether the appeal was frivolous, answered:

"Perhaps I can answer that in this fashion. I will agree for this purpose—I will assume that the appeal is frivolous. Assuming that there is no merit to the assignment of error; assume that the trial court was correct when he stated that this was a frivolous appeal—that he had a right to deny a statement of facts which a nonindigent could get and bring this matter up here for this court to pass upon; assuming without agreeing, I do not believe that I can handle this matter by coming to this court and agreeing that the appeal is frivolous. I would be derelict in my duty to do so. I think perhaps the court can resolve the issue, however, by answering the question in that manner. Assuming that this appeal is frivolous, I cannot stand here and admit [it]."

The issue presented is whether the cases of *Griffin v. Illinois,* 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585, 55 A. L. R. (2d) 1055, and *Eskridge v. Washington State Board of Prison Terms & Paroles,* 357 U. S. 214, 2 L. Ed. (2d) 1269, 78 S. Ct. 1061, require that a statement of facts must be furnished at public expense to an indigent defendant where reasonable minds cannot differ that the appeal, for which the statement of facts is requested, is frivolous.

The error alleged to have occurred and upon which the relator relies for his appeal, is conceded to be frivolous and is in fact devoid of any merit.

The question whether circumstantial evidence tending to connect the accused with the crime charged excludes, to a moral certainty, every other reasonable hypothesis than that of guilt, is a question for the jury, and not for the court, when the evidence, although circumstantial, is legally sufficient to take the case to the jury. *State v. Gillingham,* 33 Wn. (2d) 847, 207 P. (2d) 737. The relator does not contend that the evidence is insufficient for this purpose. If we interpret his assignment of error correctly, he contends that the jury made a mistake in judgment in determining, in effect, that the circumstances were irreconcilable with any theory of innocence, and that certain "facts" should be subject to appellate review in light of the instruction. In *State v. Long,* 44 Wn. (2d) 255, 266 P. (2d) 797, we held that the court's only function is to determine whether there is substantial evidence tending to establish circumstances on which a finding of guilt can be predicated. If so, it becomes a question for the jury to determine, which determination cannot be disturbed by this court.

In *State v. Donckers,* 200 Wash. 45, 93 P. (2d) 355, we held that,

"Whether circumstantial evidence tending to connect appellant with the crime excludes, to a moral certainty, every other reasonable hypothesis than that of appellant's guilt, was a question for the jury, and not for the court.

" 'The weight of the evidence, whether direct or circumstantial, is a matter for the jury. When the evidence is of the latter kind, it is for the jury to say whether it excludes every reasonable hypothesis consistent with the innocence of the accused. That it may not be so convincing to us, or may be hard to reconcile in some of its aspects, or may appear in some of its features to refute or negative guilt, or to cast doubt thereon, will not justify the court in setting aside the verdict of the jury.' *Allen v. State,* 26 Ariz. 317, 323, 225 Pac. 332."

The relator relies upon the evidence that he was released after his apprehension to establish his contention that the proved circumstances in this case are not irreconcilable with innocence. This evidence was explained by the testimony of the police officers; thus, this issue became a

question of fact for the jury to determine, which it did adversely to the relator. Certain it be that the trial court's memorandum opinion contains facts which are not denied, which are conceded to be correct, and which, by direct evidence, sustain the relator's conviction.

This court is committed to the rule of *Griffin v. Illinois, supra,* that the state may not condition a person's assertion of a constitutional right on his financial ability, nor deny a basic legal right because of his poverty. We are committed to the rule that neither race, creed, sex, nor indigency shall bar anyone from the enjoyment of his constitutional right to due process and equal protection of the law.

In protection of these basic rights, this state has imposed upon the trial court the duty to inform an indigent defendant charged with the commission of a crime, before he is arraigned, that he has a right to counsel, and that counsel will be appointed for him (RCW 10.40.030) at public expense (RCW 10.01.110). Compulsory process for witnesses is granted to him (RCW 10.46.050) and waiver of all fees and costs in the trial court.

After conviction he has the right to appeal, and is not liable for costs on appeal (Rule on Appeal 47, RCW Vol. 0), the right to a statement of facts at public expense if his appeal is not frivolous, and the right to review of his grievances by certiorari if he is denied a statement of facts in whole or in part. If a statement of facts is granted, the rules provide that an attorney shall be appointed to represent the defendant on appeal. However, the right to a statement of facts at public expense for the purpose of a frivolous appeal, is not within the purview of the constitutional guarantee.

As pointed out in *United States v. Johnson,* 238 F. (2d) 565,

"In *Griffin v. People of State of Illinois,* 351 U. S. 12, 76 S. Ct. 585, 589, the majority opinion proceeded on the assumption that in that case 'errors were committed in the trial which would merit reversal': it was not addressed to the problems involved in frivolous appeals. In his concurring opinion, Justice Frankfurter said, 351 U. S. at page 24, 76 S.

Ct. at page 593, 'When a state not only gives leave for appellate correction of trial errors but must pay for the cost of its exercise by the indigent, it may protect itself so that frivolous appeals are not subsidized and public moneys not needlessly spent.' . . ."

In *In re Woods, supra,* it was stated quite clearly that a complete statement of facts is not always necessary to present claimed errors for review. If more of the statement of facts is filed than is necessary, the surplusage, being immaterial to the consideration of the question involved, is disregarded. An adequate appellate review does not require that an indigent defendant be furnished with the surplusage of a record which will not be considered. We interpret the phrase "an adequate appellate review" as used in the *Griffin* case, to mean that an indigent defendant is entitled only to so much of the statement of facts as is necessary to present any valid assignment of error for review.

It is obvious that whether a defendant is affluent and able to purchase the entire record or is indigent, if the appeal is frivolous, the furnishing and filing of a statement of facts is a useless gesture, for it will not be considered, and, in fact, may be stricken.

Perhaps an apt example will illustrate this more succinctly. In a civil case where the assignments of error involve only a question of liability (the amount of the damage not being questioned), a statement of facts which contains several hundred pages of testimony in regard to the injuries and the resulting damages, is surplusage. The expenditure of money for that portion of the record is wasted, as it is not needed and will not be considered. The only part of the record that can be reviewed is that which pertains to the alleged errors.

A proper and liberal application by the trial courts of the principles set forth in *In re Woods, supra,* will guarantee to indigent defendants an adequate appellate review of any alleged error—the substance of which is honestly debatable.

 We hold that if an indigent defendant is represented by counsel who defended him at the trial, he is not entitled to a statement of facts at public expense where the assign-

ments of error are patently frivolous and where, as here, the furnishing of a statement of facts would result in the waste of public funds.

The trial court's order is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and FINLEY, JJ., concur.

