[No. 37454.  Department Two.  March 25, 1965.]

THE STATE OF WASHINGTON, *Respondent,* v. EDUARDO SALAZAR MYERS, *Appellant.*[*]

*Charles C. Countryman,* for appellant.

*Lincoln E. Shropshire* and *Patrick H. Olwell,* for respondent.

HAMILTON, J.—On August 14, 1963, defendant was observed in an alley area carrying four suits of clothing with price tags "flopping in the breeze." The police were notified and defendant was subsequently arrested in a tavern with the suits in his possession. Upon questioning, he stated that a man had given him the suits as he approached the tavern, and that he intended to sell them to obtain wine.

[*]Reported in 400 P. (2d) 372.

The suits had a combined value in excess of $75 and were identified as having come from a local Montgomery Ward store, located approximately four blocks from the area where defendant was first observed and about five blocks from the tavern where he was apprehended. Defendant was charged, tried before a jury, and convicted, under the larceny statute, of the offense of receiving stolen property. He appeals.

RCW 9.54.010 defines the offense with which defendant was charged as follows:

"Every person who, with intent to deprive or defraud the owner thereof—

" . . .

"(5) Every person who, knowing the same to have been so appropriated, shall bring into this state, or buy, sell, receive or aid in concealing or withholding any property wrongfully appropriated, whether within or outside of this state, in such manner as to constitute larceny under the provisions of this chapter—

"Steals such property and shall be guilty of larceny."

The essential elements of the offense are prescribed in *State v. Martin*, 94 Wash. 313, 314, 162 Pac. 356 (1917), as:

" . . . (1) the property must have been appropriated in such manner as to constitute larceny; (2) the accused must have known that the property had been so appropriated; (3) the property must have been received by him with the felonious intent to deprive or defraud the owner thereof. . . ."

On appeal, defendant tacitly concedes the evidence legally sufficient to support an adverse jury finding as to the second and third elements. He challenges only the sufficiency of the evidence as it bears upon the first element. In short, defendant contends the state's evidence is legally insufficient to support a jury finding that the suits found in his possession were stolen or otherwise unlawfully appropriated. Thus defendant argues, the trial court erred in submitting the case to the jury.

No one saw the suits removed from the store; therefore, the evidence bearing upon the question of how, when, and

why the suits left the store was necessarily circumstantial in nature.

In *State v. Lewis*, 55 Wn. (2d) 665, 669, 349 P. (2d) 438 (1960), we capsulized the rule with respect to the evaluation of circumstantial evidence as follows:

"The question whether circumstantial evidence . . . excludes, to a moral certainty, every other reasonable hypothesis than that of guilt, is a question for the jury, and not for the court, when the evidence, although circumstantial, is legally sufficient to take the case to the jury. *State v. Gillingham*, 33 Wn. (2d) 847, 207 P. (2d) 737. . . . In *State v. Long*, 44 Wn. (2d) 255, 266 P. (2d) 797, we held that the court's only function is to determine whether there is substantial evidence tending to establish circumstances on which a finding of guilt can be predicated. If so, it becomes a question for the jury to determine, which determination cannot be disturbed by this court."

Our inquiry in the instant case, then, is limited to a determination of whether the state produced substantial evidence tending to establish circumstances from which the jury could logically and reasonably deduce that the suits in question were stolen or otherwise unlawfully removed from the store in question. We do not weigh the circumstances for the purpose of determining whether they exclude, to a moral certainty, every other possible manner or means by which the suits could have left the store. This latter determination is the province of the jury.

The state produced competent evidence which established, without substantial dispute, the following circumstances: (a) The four suits had, within two to six weeks prior to August 14, 1963, regularly become a part of the retail stock of the Montgomery Ward store in question; (b) the suits bore numbers and all tags customarily assigned and attached to suits in the store's retail stock; (c) the suits were of different sizes and unaltered; (d) upon sale or other authorized removal of any suit, the store normally removed and retained a portion of the tagging as a record; (e) the store had no record of a sale or authorized removal of any of the four suits; (f) the suits had not been sold or otherwise disposed of by any of the personnel regularly assigned

to the men's department of the store; (g) suits rarely left the store without alteration; and (h) hangers, such as found with the suits, were normally retained by the store.

We are satisfied that the foregoing circumstances are legally sufficient to permit the jury to logically and reasonably deduce that the suits were unlawfully appropriated from the store. Whether such circumstances exclude, to a moral certainty, every other hypothesis suggested by defendant was for the jury's determination.

The trial court did not err in submitting the case to the jury.

The judgment is affirmed.

ROSELLINI, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.