[No. 40426.    Department Two. ˙  April 10, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. DARREL DUGGER, *Appellant*.*

*Erickson & Worthington*, by *Harvey Erickson* (*Henry Felton*, of counsel), for appellant.

*Willard A. Zellmer* and *Norman D. Brock*, for respondent.

OTT, J.†—March 15, 1968, Darrel Dugger was found guilty of second degree burglary by a jury in Lincoln County. From entry of the judgment and sentence based upon the jury's verdict,. Darrel Dugger has appealed.

Appellant asserts that there was a failure of proof of the crime of second degree burglary for the reason that there was no evidence of a forceful entry into the premises.

Esther Tolenen, a cook and waitress working at the Almira Hotel on August 30, 1967, the date of the alleged offense, testified, *inter alia,* that (1) she came to work at noon and worked alone continuously until she closed

*Reported in 453 P.2d 655.

†Judge Ott is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

the restaurant at about 10:30 p.m.; (2) there are three doors leading into the kitchen where the desk in which the cigar box containing the $580 allegedly stolen was kept; (3) it was possible for persons to pass through the kitchen from the cafe; and (4) the kitchen door leading to the alley was closed and locked by her between 10:30 and 10:45 that evening. The state's evidence further established that two persons saw appellant emerging from the enclosed walkway between the White Motor Garage and the Almira Hotel at approximately 10:15 p.m., and appellant appeared to them to have a small box in his hand; that the box containing the money was discovered missing the following day; that about 7 p.m. on August 30, appellant had indicated to Officer Clement, after making a payment on a debt, that he was then out of funds; and at approximately 2 a.m. August 31, appellant and his family left on a trip to Lewiston, Idaho after paying the babysitter an unspecified amount in cash.

The court instructed the jury in instruction No. 6 as follows:

> You are instructed that "breaking and entering" means the use of some force in effecting the entering. Even slight force, such as the unlocking of a door or the pushing open of a partly opened door, constitutes sufficient force to constitute breaking and entering; but if no force is used, such as the entry through an open door, then there is no breaking and entering.

█ It is a general rule that the elements of a crime may be proved by circumstantial evidence. It is well established in this state that the scope of an appellate review of the sufficiency of circumstantial evidence is limited to a determination of whether the state has produced *substantial evidence* tending to establish circumstances from which the jury could reasonably infer the fact to be proved. *State v. Myers,* 65 Wn.2d 911, 400 P.2d 372 (1965); *State v. Lewis,* 55 Wn.2d 665, 349 P.2d 438 (1960); *State v. Donckers,* 200 Wash. 45, 93 P.2d 355 (1939). In so doing, the court does not weigh the evidence but merely examines its sufficiency. *State v. Myers, supra.* Forceful entry (except into a dwell-

ing house) is an essential element of the crime of second degree burglary. RCW 9.19.020. To convict appellant in the instant case, it was essential to prove his forcible entry through the alley door of the Almira Hotel.

The only evidence with reference to possible entry through the alley door at the time in question was furnished by the testimony of Mrs. Tolenen as follows:

Q. Did you close up that evening? A. Yes. Q. What time was that? A. It was after 10:30, probably about a quarter of 11:00. . . . Q. Was the door to the alley locked or unlocked while the cafe was open? A. It was unlocked. Q. Why? A. I don't know, especially, they go back and forth to the bowling alley that way. Q. Where are the garbage cans? A. The garbage cans are back there, too. . . . Q. Who uses the alley door? A. Well, we do when we empty garbage. That's the main use I have for it. Q. Are there other employees who use it? A. Mr. and Mrs. Gibson use it, I would imagine. . . . Q. On an ordinary day that alley door would be opened in the morning by Mrs. Gibson, wouldn't it? A. Yes. Q. And, it would be closed in the evening by you? A. Yes. Q. And, you closed it that night? A. Yes. Q. Is there any way to open that alley door from the alley after you have locked it? A. No.

■ An analysis of the above testimony establishes that there was a side door leading to the alley. This door was used by employees and others. It was unlocked in the morning and locked in the evening in question at approximately 10:45. There were no other witnesses presented by the state who testified whether the kitchen door to the alley was open or closed during the day in question, nor whether it was customarily kept open or closed. There were other means of access to the money box in the kitchen and none of the doors showed any evidence of a forceful entry. Did the above testimony constitute *substantial evidence* from which the jury could infer that appellant exercised force to enter the alley door of the Almira Hotel? We do not believe the evidence meets this test of sufficiency. The state's evidence, if believed by the jury, established that an entry into the premises was necessary. There was no evidence that appellant entered the premises through

the alley door or that force, as defined in instruction No. 6, *supra,* was exercised by appellant to gain entry. The circumstantial evidence upon which a verdict of guilty can be sustained must be consistent with the hypothesis of guilty and inconsistent with any reasonable hypothesis or theory establishing, or tending to establish, innocence. *State v. Lynn,* 73 Wn.2d 117, 436 P.2d 463 (1968); *State v. Sewell,* 49 Wn.2d 244, 299 P.2d 570 (1956). Without substantial evidence upon which to predicate an inference that an essential element of an offense has been established, a jury determination that such fact has been proved can be based upon nothing more than speculation or conjecture. *State v. Sewell, supra.* Such is not the purpose of the circumstantial evidence rule. Our review of the record establishes that there was no substantial evidence from which the jury could infer a "breaking", as required by RCW 9.19.020.

The state contends that "breaking" is not an essential element of the crime of second degree burglary when the entry is into the dwelling house of another, and that the Almira Hotel was the dwelling house of Mr. and Mrs. Gibson. Assuming without deciding such to be the fact, the court instructed the jury in instruction No. 5 that breaking was an essential element of the offense charged. This instruction became the law of the case. The state's contention in this regard is therefore without merit.

Since we find merit in appellant's challenge to the sufficiency of the evidence, we do not reach the remaining assignments of error.

The judgment is reversed.

HUNTER, C. J., FINLEY, HAMILTON, and NEILL, JJ., concur.

June 11, 1969. Petition for rehearing denied.