[No. 7-540637-1.    Division One.    January 26, 1970.]
Panel 1

THE STATE OF WASHINGTON, *Appellant,* v. DOROTHY MAE
RANDECKER, *Respondent.*

*Charles O. Carroll, Prosecuting Attorney,* and *Laurence
A. Mosler, Deputy,* for appellant.

*Caplinger & Munn, James S. Munn,* and *Joel A. C. Rin-
dal,* for respondent.

**REVIEW GRANTED BY SUPREME COURT.**

FARRIS, J.—The defendant Dorothy Mae Randecker was
charged with 50 counts of forgery in the second degree for
failing to record certain checks received in payment of bail
or fine at the Roxbury District Justice Court. She was also
charged with grand larceny by embezzlement as a con-
nected act or transaction. The trial consumed 10 full days.
One hundred eighty two exhibits were identified and 111
witnesses testified. The jury returned a verdict of guilty
on all 51 counts. The trial judge granted a motion arresting
judgment as to all 51 counts.

In its case against Mrs. Randecker, the state called a
certified public accountant who testified that the money

was taken through an elaborate bookkeeping scheme known to accountants as "lapping." Checks received by the court were deposited in the bank but not recorded on the books. An equal amount of cash was then removed from the cash drawer. As a result, the money was taken, but the books remained in balance. Mrs. Randecker was shown to be the chief traffic clerk with the duty of recording the receipt of all bail money. In 1964, the year in question, she handled 85 per cent of the receipts. She wrote the dispositions of each of the 50 traffic tickets making up the 50 counts of forgery. She endorsed Judge Paul Bonnell's name on 12 of the lapped checks. She made the bank deposits on all checks which were lapped in the 50 counts of forgery. During a 2-week period that she was on vacation, there were no lapped checks discovered.

The trial judge concluded that the state failed to prove that the defendant's failure to record all funds received was with the intent to injure or defraud, a necessary element of the crime of forgery. He also concluded that the state had not proved that the defendant had withheld any money for her own use or to the use of another, an essential element of the crime of grand larceny by embezzlement.

There is no direct evidence linking the defendant to the crimes. The state is only able to show that the money was missing and the scheme by which the discovery of its loss was delayed. The evidence upon which the state relied to convict the defendant was purely circumstantial.

■ Circumstantial evidence means proof of such facts and circumstances surrounding the commission of the offense charged as tend to show the guilt or innocence of the accused. *State v. Gillingham*, 33 Wn.2d 847, 207 P.2d 737 (1949). It can be used to prove every element of a crime. If there is substantial evidence to prove each element of embezzlement even though the evidence may be conflicting and reasonable minds might draw different conclusions from it, the case must go to the jury. *State v. Reynolds*, 51 Wn.2d 830, 322 P.2d 356 (1958). See also *State v. White*, 74 Wn.2d 386, 444 P.2d 661 (1968).

The circumstantial evidence upon which a verdict of guilty can be sustained must be consistent with the hypothesis of guilt and inconsistent with any reasonable hypothesis or theory establishing or tending to establish innocence. *State v. Dugger,* 75 Wn.2d 689, 453 P.2d 655 (1969). It is not enough that the evidence creates a suspicion of guilt, however strong, or even a probability of guilt. The evidence must establish an unbroken chain of circumstances proving the elements of the crime to the exclusion of any other hypothesis.

■ To constitute the statutory crime of embezzlement, it is necessary to show that the accused converted funds to her own use or to the benefit of another. Mere receipt of funds and a failure to account therefor is not enough. See *State v. Mahaffay,* 192 Wash. 76, 72 P.2d 1028 (1937).

The Virginia court was presented with a factual pattern which was virtually on all fours with the facts in issue. See *Webb v. Commonwealth,* 204 Va. 24, 34, 129 S.E.2d 22, (1963). We agree with the Virginia court in its conclusion that:

> A bookkeeper cannot be held criminally liable for embezzling funds merely because the funds received had not been deposited where there is an obvious lack of internal control and where persons other than the accused received funds and made some entries in the accounts in the absence of a showing that he converted the funds to his own use [or to the use of another].

The question is whether the state has produced substantial evidence tending to establish circumstances from which the jury could reasonably infer the fact to be proved. The court does not weigh the evidence but merely examines its sufficiency. *State v. Dugger, supra.*

The state could not show that the defendant had the sole access to the cash drawer. In fact, the evidence showed an absence of internal control over funds received. Five court employees and officers had direct access to the cash drawer. Loans were made and a large number of personal checks

were cashed from the drawer. The cash drawer was also accessible to noncourt personnel.

The state failed to produce any evidence that the defendant converted the funds to her own use or to the use of another. There was no suggestion that the defendant controlled· or even knew of the disposition of the funds. Evidence which is too uncertain or speculative and raises a mere possibility is too weak to support an inference of other and connected facts. See *DeYoung v. Campbell,* 51 Wn.2d 11, 315 P.2d 629 (1957).

The elements of the crimes charged are specified in the statutes:

Larceny. Every person who, with intent to deprive or defraud the owner thereof—

. . .

(3) Having any property in his possession, custody or control, as bailee, factor, pledgee, servant, attorney, agent, employee, trustee, executor, administrator, guardian or officer of any person, estate, association or corporation, or as a public officer, or a person authorized by agreement or by competent authority to take or hold such possession, custody or control, or as a finder thereof, shall secrete, withhold or appropriate the same to his own use or to the use of any person other than the true owner or person entitled thereto; . . .

. . .

Steals such property and shall be guilty of larceny.
RCW 9.54.010

Second degree. Every person who, with intent to injure or defraud shall—

(1) Make any false entry in any public or private record or account; or

(2) Fail to make a true entry of any material matter in any public or private record or account; or

(3) Forge any letter or written communication or copy or ·purported copy thereof, or send or deliver, or connive at the sending or delivery of any false or fictitious telegraph message or copy or purported copy thereof, whereby or wherein the sentiments, opinions, conduct, character, purpose, property, interests or rights of any person· shall be misrepresented or may be injuriously

affected, or, knowing any such letter, communication or message or any copy or purported copy thereof to be false, shall utter or publish the same or any copy or purported copy thereof as true, shall be guilty or forgery in the second degree, and shall be punished by imprisonment in the state penitentiary for not more than five years, or by a fine of not more than five thousand dollars.

RCW 9.44.040

The trial court correctly concluded that there was not substantial evidence from which the jury could infer that Mrs. Randecker converted the money to her own use or to the benefit of another. The record supports the trial court's finding that there was not substantial evidence that the defendant had the intent to injure or defraud. These defects in the state's case were fatal to the charges. There was no evidence whatsoever on a necessary element of the crimes charged.

> Without substantial evidence upon which to predicate an inference that an essential element of an offense has been established, a jury determination that such fact has been proved can be based upon nothing more than speculation or conjecture.

*State v. Dugger,* 75 Wn.2d 689, 692, 453 P.2d 655 (1969).

The judgment is affirmed.

HOROWITZ, A. C. J., and SWANSON, J., concur.

---

Petition for rehearing denied April 9, 1970.