[No. 206-40435-1.    Division One.    March 30, 1970.]
Panel 2

THE STATE OF WASHINGTON, *Respondent*, v. ALFRED T. BUNCH, *Appellant*.

*R. Wayne Cyphers*, for appellant.
*Edward C. Beeksma*, for respondent.

HOROWITZ, A. C. J.—Defendant-appellant was charged on two counts of an amended information with taking inde-

cent liberties with a minor child under the age of 15 years in violation of RCW 9.79.080. That statute provides in the part here material "(2) Every person who . . . makes any indecent or obscene exposure of his person . . . shall be guilty of . . ." Count 2 reads in part: "That he, the said Alfred T. Bunch . . . did willfully, unlawfully and feloniously . . . make an indecent and obscene exposure of his person in the presence of said minor child . . ." The case was tried to the court without a jury. Count 1 was dismissed but defendant was found guilty on Count 2. Defendant's assignments of error raise the question whether there is substantial evidence to support certain findings and conclusions on which the judgment of conviction is based.

Early in June, 1967, the child's mother moved her son and five daughters, including Cynthia, from Seattle to Camano Island, in Island County, Washington, where she took residence with the defendant and his two young sons. The two adults and eight children lived in a large tent and camper on defendant's property which was unimproved, partially wooded and fairly remote. The court found that in July or August, 1967, defendant and Cynthia were at the horse corral on his property, a short distance from the area where the tent and camper were located; "that at said place and time the defendant dropped his trousers and shorts to his ankles and while in this state, held Cynthia . . . to his body, all of which she saw and was able to understand;" that there were other instances of appellant taking off or dropping his pants and shorts exposing himself to Cynthia during said months.

■ The state must prove as a constituent element of the crime charged that there was an actual physical exposure of the defendant's private parts seen by the child involved.[1] See State v. Jaime, 4 Conn. Cir. Ct. 530, 236 A.2d 474 (1967); State v. Buffano, 5 N.J. Super. 255, 68 A.2d 765

---

[1] It is unnecessary to determine whether the statutory phrase "indecent or obscene exposure of his person" includes perception otherwise than by sight.

(1949) and *Hearn v. District of Columbia*, 178 A.2d 434, 94 A.L.R.2d 1348 (1962). Defendant Bunch attacks the credibility of the witness Cynthia, emphasizing particularly her bias against him and the claimed "confusion, inconsistency and uncertainty" of her testimony.

██ As an appellate court, however, we cannot weigh the evidence or reevaluate the credibility of witnesses. We may determine only whether there is substantial evidence to support the court's findings assigned as error. *State v. Hoffman*, 64 Wn.2d 445, 392 P.2d 237 (1964). Cynthia testified *inter alia*:

A  And he [defendant] took his pants down and he grabbed me and squeezed me.

. . .

Q  Did he take both his pants off?
A  Yes.
Q  Did he take them all the way off?
A  No, just pulled them down.
Q  How far?
A  To his ankles.

She testified similarly on cross-examination. Such testimony, although uncorroborated, was sufficient. *State v. Galbreath*, 69 Wn.2d 664, 419 P.2d 800 (1966). She also testified that she told her friends and her mother about the incidents after their occurrence, and, still later, told her aunt, and others, as well.

The court's oral opinion expressly noted the rule that the defendant's guilt must be proved by the state beyond a reasonable doubt. The trial judge personally prepared the findings of fact and conclusions of law. There is no showing that in doing so, he failed to apply the requisite standard of proof required in criminal cases. The fact that the child was not asked specifically whether she saw the exposure is not necessarily fatal. The fact that the child saw the exposure could be established by reasonable inferences from the direct testimony of what occurred and from supporting circumstantial evidence. *State v. Bennett*, 6 Wn.2d 208, 107

P.2d 344 (1940)·; *State v. Randecker,* 1 Wn. App. 834, 464 P.2d 447 (1970).

In criminal cases, as well as in civil cases, findings of fact by the trial court are necessary (*State v. Marchand,* 62 Wn.2d 767, 384 P.2d 865 (1963)) and when supported by substantial evidence are binding upon this court. RCW 4.44.060; *State v. Wilks,* 70 Wn.2d 626, 424 P.2d 663 (1967); *State v. Russell,* 68 Wn.2d 748, 415 P.2d 503 (1966); *State v. Hoffman, supra; State v. Palmer,* 1 Wn. App. 152, 459 P.2d 812 (1969).

The judgment is affirmed.

UTTER and WILLIAMS, JJ., concur.

Petition for rehearing denied April 22, 1970.