[No. 98-40989-3.    Division Three.    April 28, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT JAMES CANNADY, *Appellant*.

*Walter G. Meyer, Jr.* (of *Palmer, Willis, McArdle & Meyer*), for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire, Prosecuting Attorney*, for respondent.

EVANS, C. J.—Defendant appeals a jury verdict of guilty to second-degree assault, assigning error to the court's failure to direct a verdict of acquittal at the conclusion of the state's case, and to grant his motion for a new trial. Both assignments relate to the single issue of whether the state presented sufficient circumstantial evidence to submit the question of defendant's guilt to the jury.

The evidence presented by the state may be summarized as follows: Lawrence Madry, manager of the Montana Hotel in Yakima, Washington, testified that on August 5,

1968 he drove Gilbert Wilson and Willie Owens, the complaining witness, to a nearby Safeway store to cash their disability checks. Upon returning from the store, he parked his station wagon in front of the Montana Hotel, leaving his two passengers in the automobile and taking his groceries upstairs to his room. Prior to entering the hotel, Madry observed defendant and Willie Owens in an argument over a $6 debt defendant insisted Owens owed him. Madry testified Owens was extremely intoxicated but not "asleep." Upon returning from depositing his groceries in his second-floor hotel room, Madry noticed Owens bleeding from the leg.

Gilbert Wilson, the other passenger in Madry's station wagon, testified that he did not remember anything about Willie Owens being cut in the leg. Wilson stated that he did not witness an argument between Owens and defendant, or even see defendant all day. Wilson testified he was not drinking and remembered everything that happened on the morning of August 5, 1968.

Willie Owens was called by the state to testify. He stated that he was cut on his right leg but, because he was intoxicated at the time, did not know where it happened or who did it. He also testified that he had no recollection of seeing the defendant on the day he received the injury.

Lawrence Madry's wife was the only witness establishing defendant as the assailant. Upon hearing an argument, she went to her second-floor window and observed the incident in the street, directly below her. The Madry station wagon was parked at an angle to the curb. Wilson was sitting in the front passenger seat, and Owens was in the back seat behind Wilson. The right rear door was open and defendant was standing at the end of the door. Mrs. Madry first stated that she observed the defendant stabbing Owens with a small pocket knife, but on cross-examination pointed out that she only saw the defendant stabbing "at Owens" and not actually stabbing him. Because Owens was cut and bleeding, she surmised defendant had a knife. Defendant did not take the stand or present evidence following the

trial court's denial of his motion to dismiss. Defendant contends that the circumstantial evidence linking him as Owens' assailant is insufficient.

■ We recently held in *State v. Green*, 2 Wn. App. 57, 466 P.2d 193 (1970):

> Although the circumstantial evidence in the case must be consistent with the hypothesis that the accused is guilty, and inconsistent with any reasonable hypothesis or theory of his innocence (*State v. White*, 74 Wn.2d 386, 444 P.2d 661 (1968)), whether or not the circumstantial evidence excludes every reasonable hypothesis consistent with the appellant's innocence is a determination properly made by the trier of the facts. *State v. Grenz*, 26 Wn.2d 764, 175 P.2d 633 (1946), *appeal dismissed*, 332 U.S. 748, 92 L. Ed. 336, 68 S. Ct. 54 (1947); *State v. Donckers*, 200 Wash. 45, 93 P.2d 355 (1939). This court's only function on appeal is to determine if there is substantial evidence in the record tending to establish circumstances upon which a finding of guilt can be predicated. *State v. Long*, 44 Wn.2d 255, 266 P.2d 797 (1954).

Defendant contends that, based on Mrs. Madry's testimony concerning the relative positions of the defendant and the stabbing victim, it would be physically impossible for defendant to inflict the described injury. Mrs. Madry placed the defendant at a point at the end of an open rear door of a 4-door station wagon. The alleged victim was sitting in the back seat of the vehicle on the side nearest the open door. Defendant contends that it would be impossible for a grown man to reach across the entire length of an open door and stab an individual sitting inside the vehicle.

The trial judge, in ruling upon defendant's motion, stated:

> I think in going over Mrs. Madry's testimony, and of course it is the only testimony on this, she did say at one time that he stabbed, and then later that he stabbed three or four times, and she did, of course, testify, as counsel has indicated, that the defendant was standing at the outside end of the door which was open. We don't know the length of the door, but assuming it to be an ordinary station wagon door, I can see where it would be

as a matter of fact difficult to go along with that testimony, but I do not believe that it is impossible to do so. It would certainly shake the witness so far as credibility is concerned, but it is not a situation that would make it impossible for a reasonable person to believe that while Mrs. Madry was not completely correct in her description of the circumstances there, that she was correct with respect to the stabbing, and that the stabbing took place. Of course, there is testimony that he had been stabbed at the time Mr. Madry returned.

I feel that there is sufficient [evidence] for the jury to make a finding that the defendant assaulted Willie Owens with a weapon at least capable of inflicting a stab wound.

In reviewing all of Mrs. Madry's testimony, we find that there was, in fact, substantial evidence tending to establish circumstances upon which a finding of guilt can be predicated, and that the trial court did not commit error in submitting the question of defendant's guilt to the jury. As stated in *State v. Lewis,* 55 Wn.2d 665, 669, 349 P.2d 438 (1960):

The question whether circumstantial evidence . . . excludes, to a moral certainty, every other reasonable hypothesis than that of guilt, is a question for the jury, and not for the court, when the evidence, although circumstantial, is legally sufficient to take the case to the jury.

Judgment affirmed.

GREEN and MUNSON, JJ., concur.