[No. 2003-2.    Division Two.    January 27, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. KATHY DEPRIEST, *Appellant.*

*Clifford R. Kuhn* and *Don L. McCulloch* (of *Roethler & McCulloch*), for appellant.

*Henry R. Dunn, Prosecuting Attorney,* and *Kenneth L. Cowsert, Deputy,* for respondent.

REED, J.—On February 27, 1975, defendant Kathy De-Priest was arrested for shoplifting at the Pay Less Drug Store in Longview, Washington. She consented to have her car searched and upon doing so the police discovered articles which came from various stores in Longview. She allegedly admitted to the police to having taken all of the items from the stores, but at trial she denied having made this admission. She did, however, concede at trial that she had stolen some of the articles having a value of less than $75.

Defendant appeals from a conviction of grand larceny by possession, and assigns error solely to the refusal of the trial court to dismiss the charge. She contends there was a failure of proof at trial that more than $75 worth of the articles had been stolen from the stores. We affirm the conviction.

The State relies mainly on defendant's admission at the police station that she had stolen all of the items the police removed from the back seat of her car. The value of these articles amounted to $128.15. Admission of an extrajudicial confession, however, compels us to apply the corpus delicti rule. As stated in *State v. Meyer*, 37 Wn.2d 759, 763, 226 P.2d 204 (1951):

> The confession of a person charged with the commission of a crime is not sufficient to establish the *corpus delicti*, but if there is independent proof thereof, such confession may then be considered in connection therewith and the *corpus delicti* established by a combination of the independent proof and the confession.

To establish the corpus delicti of larceny by possession in the instant case, the State must show *inter alia* that the property found in defendant's car had been "appropriated in such a manner as to constitute larceny." *State v. Martin*, 94 Wash. 313, 314, 162 P. 356 (1917); RCW 9.54.010(5); RCW 9.54.090. The corpus delicti must be shown by independent evidence before the extrajudicial confession is considered by the trier of fact. *State v. Zuercher*, 11 Wn. App. 91, 521 P.2d 1184 (1974). The independent evidence need only prove prima facie, not beyond

a reasonable doubt or by a preponderance of the evidence, that the goods had been stolen at some time from the stores. *State v. Meyer, supra; State v. Zuercher, supra.* "Prima facie" in this context means only that there must be evidence of sufficient circumstances which would support a logical and reasonable deduction of the fact sought to be proved, *i.e.*, that the articles had been stolen.

The items found in defendant's car came from the following Longview stores: Pay Less Drug Store, Pay'n Save, Montgomery Ward, Bonanza 88, Bob's Merchandise, Inc., Britt's Department Store, and Anita Shops. At trial defendant admitted to taking some of the articles from the first three of these stores, but denied having shoplifted at the other stores. The only other witness to her activity was a Pay Less employee who saw her carry things to her car without having paid for them, and who then effected defendant's arrest. The value of all of the items is needed by the State to boost the total amount over $75 to warrant a conviction for grand larceny. RCW 9.54.090.

The independent proof showing theft of all of the articles is supplied in part by the testimony of the police officer who searched defendant's car after she gave her consent.

Q  And what happened when you got to her vehicle?
A  I then asked her for the keys to the vehicle, at which time she stated that I wouldn't need the keys, that the vehicle was unlocked. I proceeded over to the vehicle with Officer Nelson, who arrived to cover me on the call. We opened the door on the driver's seat of the vehicle, and as I looked into the back seat of the vehicle I found a large amount of items lying on the back seat, across the floor and also up on the seat itself, with price tags still on it. There were no sales slips in the vehicle whatsoever, or no sacks or anything that showed that it came from any of the stores.

The defendant argues, nevertheless, that there is not sufficient evidence to permit consideration of defendant's confession in that there was no testimony by store employees as to store practices in terms of removal of price tags, alteration of clothing, bagging of items, or giving of sales

slips. Moreover, except in the case of Pay Less, no one witnessed the theft of the items.

The fact that the items in the back seat were not bagged, that no sales slips were present, and that price tags were still attached may not *alone* be enough for a prima facie showing of theft without additional evidence indicating that it is the common practice of the stores to bag items, give sales slips, and remove price tags when a purchase is made. *See, e.g., State v. Myers*, 65 Wn.2d 911, 400 P.2d 372 (1965). But in this case, the State relied on another factor to sufficiently establish evidence of theft. This was in the testimony of a Pay Less employee who saw defendant take items from the store without paying for them, deposit the articles in her car, and return to the store.

Thus, the State did present evidence that some of the items found in the back seat had been stolen. The fact that these articles were intermingled with goods of a similar nature, and that all of the items were in the same condition (without bags or sales slips, with price tags attached) gives rise to a reasonable inference that all of these articles had been appropriated in the same manner.

The State, therefore, introduced independent evidence showing a prima facie case of larceny by possession. As a result, the extra-judicial statement of defendant was properly considered along with the other evidence by the jury in determining that defendant had in her possession stolen property valued in excess of $75. The trial court was correct in denying defendant's motion to dismiss the charges.

Affirmed.

PETRIE, C.J., and PEARSON, J., concur.