[No. 12726-8-I. Division One. May 21, 1984.]

THE STATE OF WASHINGTON, *Respondent*, v. CRAIG
FELLERS, *Appellant*.

*Appelwick, Trickey & Sluiter, Michael J. Trickey,* and *Karen P. Sluiter,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Joanne Comins, Deputy,* for respondent.

CORBETT, A.C.J.—Defendant, Craig Fellers, appeals the order of disposition entered in juvenile court after fact–finding and disposition hearings. He was found guilty of possession of stolen property in the third degree. We reverse and dismiss.

About 2 months after the victim reported his bicycle had been stolen, an unidentified man and boy brought a bicycle to the victim's home. The boy, later identified by the victim and his father as the defendant, said that he was returning the victim's bicycle. Because there had been substantial

changes in the bike, the victim could only identify the seat and frame. Later that day, the victim's father went to the defendant's home to find out who had given him the bike. According to the victim's father, the defendant replied, "Nobody gave it to me, I ripped it off, I told you that." A mutual acquaintance of the defendant and the victim testified that about a week before the bike was returned, the defendant admitted having stolen it. Defendant denied stealing, possessing, or returning the bike. He also denied saying that he had taken it or that it had been given to him.

Defendant assigns error to the denial of his motion to dismiss at the end of the State's case. He contends that his alleged admissions were uncorroborated and therefore, under the corpus delicti rule, could not be considered in determining his guilt.

Prior to use at trial of an accused's admission, the State must establish the corpus delicti of the crime charged by independent evidence. *State v. Mason,* 31 Wn. App. 41, 47, 639 P.2d 800 (1982). Proof of the corpus delicti requires evidence that the crime charged has been committed by someone. *State v. Hamrick,* 19 Wn. App. 417, 418, 576 P.2d 912 (1978). The level of proof necessary to admit the statement is not the same as that necessary to take the case to the jury. *State v. Fagundes,* 26 Wn. App. 477, 484, 614 P.2d 198, 625 P.2d 179 (1980). The evidence in this case was sufficient to make out a prima facie case. It was undisputed that the bicycle was stolen. In order to establish the corpus delicti of possession of stolen property, the State had only to present evidence that the bicycle had been stolen by someone. *See State v. DePriest,* 16 Wn. App. 824, 825–26, 560 P.2d 1152 (1977). The fact of theft was established before the admissions of the defendant were considered. The court did not err in denying the motion to dismiss on this basis.

Defendant also contends that without the alleged admissions, the State at most established possession of parts of a stolen bicycle, a crime with which he was not charged. *See*

*State v. Valladares*, 99 Wn.2d 663, 671, 664 P.2d 508 (1983). The testimony was that the bicycle which was returned contained only the seat and frame from the original bicycle. The question becomes whether there was sufficient evidence to establish a prima facie case that the defendant knowingly possessed a stolen bicycle. *State v. Rhinehart*, 92 Wn.2d 923, 927–28, 602 P.2d 1188 (1979).

The "written findings" entered at the fact–finding hearing consist of a printed form marked with an "X," apparently filled in by someone other than the judge. The form recites that the evidence which proved the allegations "as charged" was: "reasons set forth in the record." These findings are inadequate; they are not sufficiently specific to permit meaningful appellate review.[1] *See State v. Holland*, 98 Wn.2d 507, 517, 656 P.2d 1056 (1983). JuCR 7.11(c) and RCW 13.40.130(4) impose a requirement that cannot be ignored. *State v. Brown*, 30 Wn. App. 344, 350, 633 P.2d 1351 (1981). "The court shall record its findings of fact and shall enter its decision upon the record. Such findings shall set forth the evidence relied upon by the court in reaching its decision." RCW 13.40.130(4). JuCR 7.11(c) contains similar language.

Although this court can read the testimony, it cannot weigh the evidence nor enter findings of fact. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 575, 343 P.2d 183 (1959); *State v. Bunch*, 2 Wn. App. 189, 191, 467 P.2d 212 (1970). The court's oral opinion, which occupies 5 of the 54 pages in the report of proceedings, is not a model of clarity. We cannot determine from the oral decision in this case what facts supported the court's conclusion that the defendant possessed the entire bicycle.

Following the fact–finding hearing, the defendant sought a new trial, pursuant to CrR 7.6(a)(3), to introduce the tes-

---

[1]Nearly 2 months after oral argument, written findings of fact and conclusions of law were filed with this court. There is no indication in the record that the defendant approved the findings or even received a copy of them. The findings are not properly before us.

timony of a new witness. He assigns error to the denial of this motion.

A new trial will not be granted on the basis of newly discovered evidence

> unless the moving party demonstrates that the evidence (1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; *and* (5) is not merely cumulative or impeaching.

*State v. Williams,* 96 Wn.2d 215, 223, 634 P.2d 868 (1981). Failure to satisfy any one of the five factors is a ground for denial of the motion. The trial court is vested with broad discretion and denial of a motion for a new trial is not reversible absent a manifest abuse of that discretion. *State v. Williams, supra* at 221.

Here, the trial court denied the motion on the ground that the evidence would be cumulative and so did not reach any of the other factors. Evidence is cumulative if it is of the same kind to the same point as evidence already received. *State v. Williams, supra* at 223–24. The only purpose of the new testimony would be to corroborate the testimony of the defendant and his father that at all relevant times the defendant was working on his father's roof. Defendant thus sought to add evidence from a nonfamily member to corroborate his alibi. As testimony of the same kind to the same point, it was merely cumulative. *See State v. Edwards,* 23 Wn. App. 893, 898, 600 P.2d 566 (1979) (evidence corroborating alibi was cumulative).

Furthermore, there was no showing that the witness could not have been discovered before trial by the exercise of due diligence. Defendant asserts without authority that a juvenile should not be held to the same standard of inquiry as an adult, and therefore due diligence is not required. We refuse to adopt such a rule. The trial court did not err in denying the motion for a new trial.

Defendant also assigns error to the conduct of the court during the disposition hearing. The disposition was presided over by a judge other than the one who presided

during the factfinding. RCW 13.40.150(3)[2] sets forth the procedures which the court must follow and the factors which the court must consider before entering a disposition order. The court was required to follow the directives of the statute. *See State v. Brown,* 30 Wn. App. 344, 350, 633 P.2d 1351 (1981); *In re Luft,* 21 Wn. App. 841, 846, 589 P.2d 314 (1979). The court failed to determine whether the defendant was a minor or first offender, to give the defendant's parents an opportunity to speak on his behalf, and to consider any mitigating factors. Although the court is not required to explain a sentence within the standard range, *State v. Strong,* 23 Wn. App. 789, 792, 599 P.2d 20 (1979), it must consider any mitigating and aggravating circum-

---

[2] "(3) Before entering a dispositional order as to a respondent found to have committed an offense, the court shall hold a disposition hearing, at which the court shall: . . .

"(d) Afford the respondent and the respondent's parent, guardian, or custodian an opportunity to speak in the respondent's behalf; . . .

"(g) Determine whether the respondent is a serious offender, a middle offender, or a minor or first offender;

"(h) Consider whether or not any of the following mitigating factors exist:

"(i) The respondent's conduct neither caused nor threatened serious bodily injury or the respondent did not contemplate that his or her conduct would cause or threaten serious bodily injury;

"(ii) The respondent acted under strong and immediate provocation;

"(iii) The respondent was suffering from a mental or physical condition that significantly reduced his or her culpability for the offense though failing to establish a defense;

"(iv) Prior to his or her detection, the respondent compensated or made a good faith attempt to compensate the victim for the injury or loss sustained; and

"(v) There has been at least one year between the respondent's current offense and any prior criminal offense;

"(i) Consider whether or not any of the following aggravating factors exist:

"(i) In the commission of the offense, or in flight therefrom, the respondent inflicted or attempted to inflict serious bodily injury to another;

"(ii) The offense was committed in an especially heinous, cruel, or depraved manner;

"(iii) The victim or victims were particularly vulnerable;

"(iv) The respondent has a recent criminal history or has failed to comply with conditions of a recent dispositional order or diversion agreement;

"(v) The respondent was the leader of a criminal enterprise involving several persons; and.

"(vi) There are other complaints which have resulted in diversion or a finding or plea of guilty but which are not included as criminal history."

stances. Again, the record is devoid of findings or an oral decision from which we can determine whether the court properly reviewed the matters before it. Since the court did not set forth what it considered, it is impossible to ascertain whether it followed the directives of RCW 13.40.150(3).

Defendant also contends that the court erred in failing to hold a restitution hearing to determine the correct amount of restitution and whether the defendant had the means to pay.

■ Restitution for purposes of the juvenile justice act is financial reimbursement for easily ascertainable damages, including damages for injury to or loss of property. RCW 13.40.020(17). Once the fact of damage is established, the precise amount need not be shown with mathematical certainty. *State v. Bush,* 34 Wn. App. 121, 124, 659 P.2d 1127 (1983). Evidence of proof of loss is sufficient if it affords a reasonable basis for estimating the loss and does not subject the trier of fact to mere speculation or conjecture. *State v. Smith,* 33 Wn. App. 791, 797, 658 P.2d 1250 (1983). The statute does not require that the court hold a special restitution hearing, although courts sometimes do. *See, e.g., State v. Smith, supra* at 793. It requires only that the court hold a disposition hearing at which it shall, among other things, determine the amount of restitution. The court complied with this requirement. At the factfinding, the victim's father testified that the bicycle cost approximately $119.95, plus about $5 tax, and at the disposition he testified that it cost approximately $117.88 plus tax. This undisputed testimony afforded a reasonable basis for determining the amount of loss. The trial court did not abuse its discretion in determining the amount of restitution to be $122.88.

■ After the court determined the amount of restitution and the payment schedule, the defendant's attorney asked the court to find that the defendant lacked the ability to pay, on the basis that he was 13 years old and had no job. Rather than considering the request in any way, the court simply replied, "Why don't you take this matter up on

appeal, you already indicated that you are going to appeal this matter." This procedure was improper. The language of the statute is mandatory. The court *may not* require restitution when there is a showing of inability to pay. When requested, the defendant has a right to be heard on the issue of whether he has the ability to pay. RCW 13.40-.190(1).

Finally, the defendant assigns error to imposition of the penalty assessment required by RCW 7.68.035. He contends that because the penalty could not have been imposed if he had accepted diversion, imposing the penalty following his rejection of diversion constituted disparate sentencing. He argues that because there is no rational basis for the disparity in sentencing, he was denied equal protection. U.S. Const. amend. 14; Const. art. 1, § 12.

■ The test for determining whether disparate sentences violate equal protection principles is whether a rational basis exists for the disparity. *State v. Bush, supra* at 124. The Legislature chose, as a source of the funds for reimbursing the victims of crimes, the class of persons most responsible for the damages suffered, *i.e.,* persons convicted of the crimes and, in this context, juveniles found guilty of an offense. *See State v. Sargent,* 36 Wn. App. 463, 467–68, 674 P.2d 1268 (1984). This method of funding is rationally related to the legislative purpose. There was no denial of equal protection of the law. *See State v. Bush, supra* at 124 (codefendant juveniles were not denied equal protection when they were ordered to pay differing amounts for restitution).

This court repeatedly has been forced to remand juvenile dispositions entered in King County for entry of findings of fact. Use of the printed form filled in by a court coordinator and signed by the judge or commissioner does not satisfy the statute or rule requiring written findings of fact. We recognize that the court has special problems because of the large volume of cases, and we have made many allowances. In spite of lenient interpretation of the rules and statutes, we too frequently are required to impose upon the defend-

ant the additional cost, inconvenience, and uncertainty involved in a remand for entry of findings or correction of other errors. The purposes of the juvenile justice act, which include holding juvenile offenders accountable for their behavior, providing punishment commensurate with the age, crime, and criminal history of the offender, and providing due process to juvenile offenders, RCW 13.40.010(2), are severely hampered by the delay and uncertainty that results when the parties and the court fail to follow the requirements of the pertinent statutes and rules. As the prevailing party, the State has the responsibility of proposing the written findings. *State v. Wilks,* 70 Wn.2d 626, 628, 424 P.2d 663 (1967). The court has the responsibility to follow the clear mandate of the statutes and rules.

Defendant's sentence was not stayed pending appeal. In light of all the circumstances of this case, remand for entry of findings and resentencing would impose a substantial hardship on the defendant. *See State v. Happy,* 94 Wn.2d 791, 794, 620 P.2d 97 (1980). In fairness to the defendant, we reverse and dismiss.

Reversed and dismissed.

CALLOW and SCHOLFIELD, JJ., concur.

Reconsideration denied June 20, 1984.