[No. 2918–2.   Division Two.   March 2, 1978.]

THE STATE OF WASHINGTON, *Appellant,* v. EDGAR T. HAMRICK, *Respondent.*

*Jeremy Randolph, Prosecuting Attorney,* and *Charles R. Byrd, Deputy,* for appellant.

*Clifford R. Kuhn, Don McCulloch,* and *Roethler & McCulloch,* for respondent.

PEARSON, C.J.—On January 22, 1977, a state patrol officer investigated a 2–car accident approximately 4 miles west of Morton, Washington, on state route 12. As a result of that investigation, Edgar T. Hamrick was charged with driving while under the influence of intoxicating liquor. The State appeals from an order dismissing the charge for failure to establish the corpus delicti. The issue on appeal is whether the State's evidence satisfactorily established that Mr. Hamrick was driving or was in actual physical control of a vehicle. We affirm the dismissal.

The State's evidence primarily consisted of the investigating officer's testimony. For purposes of appeal, defendant has stipulated that the State presented sufficient evidence that he was under the influence of alcohol. The investigating officer testified that when he arrived at the scene of the accident he found a pickup truck in a ditch south of the road, and a car 200 feet west of the pickup, on the north shoulder of the road. Both vehicles were damaged and skid marks led to the car. The officer testified that he had contacted defendant in the center of the roadway, where they had a discussion. The officer testified that he was unable to ascertain whether defendant owned either the pickup or the car, but that defendant admitted he had been driving the car. The officer also testified that he found an occupant in the car, but no mention was made of details such as the occupant's age, condition, or location in the car. A second trooper testified that while defendant was in custody, he had admitted driving the car.

■ Proof of the corpus delicti of any crime requires evidence that the crime charged has been committed by someone. *State v. Marcy,* 189 Wash. 620, 66 P.2d 846 (1937). RCW 46.61.506(1) makes it unlawful for any person who is

under the influence of or affected by the use of intoxicating liquor to drive or be in actual physical control of a vehicle. While the corpus delicti of most crimes does not involve the issue of identity, the corpus delicti for the offense of driving while under the influence of intoxicating liquor in this case requires evidence that defendant operated or was in actual physical control of a vehicle while he was under the influence of intoxicating liquor. *See Kyle v. State,* 208 Tenn. 170, 344 S.W.2d 537 (1961).

It is clear that admissions[1] of a defendant play a limited role in establishing the corpus delicti. The corpus delicti must be shown by some independent evidence before the admissions of the defendant may be utilized, but when such independent evidence is adduced, the admission may be considered in combination with the other facts to establish the defendant's guilt beyond a reasonable doubt. The independent evidence is sufficient if it prima facie establishes the corpus delicti. *State v. Meyer,* 37 Wn.2d 759, 226 P.2d 204 (1951); *State v. Zuercher,* 11 Wn. App. 91, 521 P.2d 1184 (1974). "Prima facie" in this context means only that there must be evidence of sufficient circumstances which would support a logical and reasonable deduction of the fact sought to be proved. *State v. DePriest,* 16 Wn. App. 824, 560 P.2d 1152 (1977).

This limitation on the use of admissions for purposes of the corpus delicti rule is widely accepted and is based upon the suspect nature of out–of–court confessions. Corroboration of the confession is required as a safeguard against the conviction of innocent persons through the use of a false confession of guilt. E. Cleary, *McCormick's Handbook of the Law of Evidence,* § 158 (2d ed. 1972); R. Perkins, *Criminal Law* § 2(G) (2d ed. 1969); 7 J. Wigmore, *Evidence* § 2071 (3d ed. 1940). *See* Annot., 40 A.L.R. 460 (1926). Extensive safeguards on the use of confessions, such as the doctrine of *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d

---

[1]For purposes of this opinion, the terms "admissions" and "confessions" are used interchangeably.

694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), are recent developments in the law. In view of the numerous safeguards against unreliable confessions which have developed since the corroboration rule, it has been questioned whether the corroboration rule still serves a useful purpose. E. Cleary, *supra* at 349; *Developments in the Law—Confessions,* 79 Harv. L. Rev. 938, 1084 (1966). While we have some reservations about the need for the corpus delicti corroboration rule, such a requirement "does not seem unwise." E. Cleary, *supra* at 349. In many instances the only witnesses to an encounter will be the police officer and the party whose admission is the only evidence that a criminal act occurred. Under these circumstances, it seems wise to adhere to the corpus delicti corroboration rule as a protection against potential police abuses. Our Supreme Court has recently stated its adherence to this rule. *State v. Bean,* 89 Wn.2d 467, 572 P.2d 1102 (1978).

Exclusive of defendant's admissions, the State's evidence establishes only that defendant was present when the officer arrived at the scene of the accident. There is no independent evidence or inference connecting defendant with control of the car. We do not have the slight evidence necessary to logically and reasonably deduct that defendant was driving the car. Because there is not sufficient independent evidence to allow consideration of defendant's admissions, the State failed to establish the corpus delicti and the trial court properly dismissed the matter. *See Kansas City v. Verstraete,* 481 S.W.2d 615 (Mo. Ct. App. 1972); *Farley v. Tallahassee,* 243 So. 2d 161 (Fla. Dist. Ct. App. 1971).

We affirm.

PETRIE and REED, JJ., concur.