168 P.3d 421 (2007)
STATE of Washington, Appellant,
v.
Andrew Christian HENDRICKSON, Respondent.
No. 34580-3-II.
Court of Appeals of Washington, Division 2.
September 25, 2007.
Michelle Hyer, Pierce County Prosecutor, Tacoma, WA, for Petitioner.
Paul Joseph Landry, Attorney at Law, Tacoma, WA, for Respondent.
QUINN-BRINTNALL, J.
¶ 1 The State appeals the superior court's decision on a RALJ appeal reversing Andrew Christian Hendrickson's district court conviction of driving under the influence of alcohol (DUI). The issues on appeal are (1) whether the district court properly allowed testimony about Hendrickson's statements before the State presented evidence establishing corpus delicti; and (2) whether the State proved corpus delicti. The State also challenges the superior court's award of fees and costs to Hendrickson under RALJ 9.3(a). We reverse the superior court's order remanding *422 and dismissing Hendrickson's DUI conviction, vacate its award of costs and fees, and reinstate the conviction.

FACTS
¶ 2 At about 1:30 a.m., on January 13, 2005, Deputy Steven Weigley was driving along State Route 302 when Hendrickson darted across the roadway, forcing Weigley to swerve to miss him. Weigley approached Hendrickson, who was on his knees crying. Hendrickson told Weigley that he had "crashed" and that he was by himself. Report of Proceedings (RP) (June 6, 2005) at 113. Weigley called paramedics and the state patrol.
¶ 3 Hendrickson told Deputy Weigley and Trooper Jonathan Ames that he had been following a friend home and had lost control of his car and had driven off the road attempting to avoid an oncoming car that was passing improperly. Hendrickson also admitted to Ames that he had been drinking, that he was intoxicated, and that he should not have been driving.
¶ 4 The officers found the car Hendrickson had been driving at the bottom of a ravine; the keys were still in the ignition. At the scene, using the Department of Licensing database, Trooper Ames verified that Hendrickson was the owner of the car.
¶ 5 The State charged Hendrickson with one count of DUI. RCW 46.61.502(1)(b), (c).
¶ 6 Prior to trial in Pierce County District Court, Hendrickson filed a motion in limine challenging the State's expert witness's testimony and the officer's opinion testimony regarding whether Hendrickson was intoxicated or whether he was able to drive a car. After the district court addressed these issues,[1] Hendrickson's counsel then asked "that no statements by Mr. Hendrickson be admitted as to operating a motor vehicle until the State [proves] corpus [delicti]." RP (June 6, 2005) at 18. When the State noted that Hendrickson had not filed a motion on this issue, Hendrickson's counsel appeared to assert that the district court could address each corpus delicti issue during the trial testimony and asked only that the State refrain from referring to any admissions during its opening statement.
¶ 7 At trial, over Hendrickson's objection that the State had failed to establish corpus delicti, the State elicited testimony from Deputy Weigley and Trooper Ames regarding Hendrickson's admissions to them that he had been drinking and that he had been driving the vehicle.
¶ 8 At the close of the State's case,[2] Hendrickson moved to dismiss, arguing that the State failed to prove the corpus delicti of the crime. The district court found that the State had proved corpus delicti and denied Hendrickson's motion to dismiss. The jury convicted Hendrickson of DUI in violation of RCW 46.61.502(1)(b) and (c).
¶ 9 Hendrickson appealed the conviction to the superior court. He argued, inter alia, that the district court had erred when it allowed the State to present Hendrickson's admissions to law enforcement officers that he was intoxicated and driving before proving the corpus delicti of the crime of driving while intoxicated.
¶ 10 In its written order reversing the jury's verdict and dismissing the charge, the superior court ruled, in part:
b. The trial court erred in permitting the State to introduce the defendant's statements/admissions before corpus [delicti] for the crime was established. . . .
d. This court does find that the State introduced sufficient evidence at trial to establish corpus [delicti] independent of the defendant's statements/admissions, but such evidence should have been presented at trial before the defendant's statements were admitted.
e. The error in allowing the introduction of the defendant's statements before all of the independent evidence was introduced was not harmless. *423 Clerk's Papers at 30-31. The superior court also entered an order awarding Hendrickson court costs and statutory attorney fees.[3]
¶ 11 We granted the State's motion for discretionary review to address three issues. First, did the State establish corpus delicti independent of Hendrickson's confession that he was driving while intoxicated? Second, must the State establish corpus delicti before admitting a defendant's confession? And third, did the superior court properly award Hendrickson court costs and attorney fees? We hold that the district court did not err by admitting Hendrickson's confession before the independent evidence establishing corpus delicti of the crime of driving while intoxicated; therefore, we reverse and remand to the district trial court for sentencing. We also vacate Hendrickson's award of costs and fees under RALJ 9.3(a).

ANALYSIS
Corpus Delicti
¶ 12 We first determine whether the district and superior courts were correct when they found that the State ultimately proved corpus delicti. We hold that they were.
¶ 13 As a preliminary matter, the State argues that because the superior court found that the State ultimately proved corpus delicti and Hendrickson did not cross-appeal, we cannot reach this issue and must assume the superior court's finding is correct. The State is correct to the extent Hendrickson is asking for "further affirmative relief." State v. Kindsvogel, 149 Wash.2d 477, 481, 69 P.3d 870 (2003). But because Hendrickson is entitled to argue any ground to affirm the superior court's order that the record supports, this argument is properly before us. Kindsvogel, 149 Wash.2d at 481, 69 P.3d 870 (citing McGowan v. State, 148 Wash.2d 278, 287-88, 60 P.3d 67 (2002)).
¶ 14 Recently, our Supreme Court set out the law controlling corpus delicti analysis in Washington in State v. Brockob, 159 Wash.2d 311, 150 P.3d 59 (2006):
Corpus delicti means the "`body of the crime'" and must be proved by evidence sufficient to support the inference that there has been a criminal act. State v. Aten, 130 Wash.2d 640, 655, 927 P.2d 210 (1996) (quoting 1 McCormick on Evidence § 145, at 227 (John W. Strong ed., 4th ed.1992)). A defendant's incriminating statement alone is not sufficient to establish that a crime took place. Aten, 130 Wash.2d at 655-56, 927 P.2d 210; State v. Vangerpen, 125 Wash.2d 782, 796, 888 P.2d 1177 (1995). The State must present other independent evidence to corroborate a defendant's incriminating statement. Aten, 130 Wash.2d at 656, 927 P.2d 210. In other words, the State must present evidence independent of the incriminating statement that the crime a defendant described in the statement actually occurred.
In determining whether there is sufficient independent evidence under the corpus delicti rule, we review the evidence in the light most favorable to the State. [Aten, 130 Wash.2d] at 658 [927 P.2d 210]. The independent evidence need not be sufficient to support a conviction, but it must provide prima facie corroboration of the crime described in a defendant's incriminating statement. [Aten, 130 Wash.2d] at 656 [927 P.2d 210]. Prima facie corroboration of a defendant's incriminating statement exists if the independent evidence supports a "`logical and reasonable inference' of the facts sought to be proved." [Aten, 130 Wash.2d] at 656 [927 P.2d 210] (quoting Vangerpen, 125 Wash.2d at 796 [888 P.2d 1177]).
Notably, we are among a minority of courts that has declined to adopt a more relaxed rule used by federal courts. [Aten, 130 Wash.2d] at 662-63 [927 P.2d 210]. Under the federal rule, the State need only present independent evidence sufficient to establish that the incriminating statement is trustworthy. [Aten, 130 Wash.2d] at 662-63 [927 P.2d 210]. Under the Washington rule, however, the evidence must independently corroborate, or confirm, a defendant's incriminating statement. [Aten, 130 Wash.2d] at 663 [927 P.2d 210].

*424 In addition to corroborating a defendant's incriminating statement, the independent evidence "`must be consistent with guilt and inconsistent with a[] hypothesis of innocence.'" [Aten, 130 Wash.2d] at 660 [927 P.2d 210] (quoting State v. Lung, 70 Wash.2d 365, 372, 423 P.2d 72 (1967)). If the independent evidence supports "reasonable and logical inferences of both criminal agency and noncriminal cause," it is insufficient to corroborate a defendant's admission of guilt. [Aten, 130 Wash.2d] at 660 [927 P.2d 210].
Brockob, 159 Wash.2d at 327-29, 150 P.3d 59 (footnotes omitted).
¶ 15 The independent evidence here clearly provided prima facie proof of corpus delicti in respect to whether Hendrickson was driving the car; the car the officers found was registered to Hendrickson and Hendrickson was the only person in the area. Similarly, the evidence prima facie establishes that Hendrickson was intoxicated; the officers noted that Hendrickson smelled strongly of alcohol, that his eyes were bloodshot and watery, and that his face was flushed. Accordingly, the district court and superior court were both correct when they found that the State ultimately established corpus delicti.
¶ 16 Citing State v. Hamrick, 19 Wash. App. 417, 576 P.2d 912 (1978), Hendrickson appears to argue, however, that the State was required to prove corpus delicti based on evidence acquired before his arrest. Specifically, he argues that (1) "[a]llowing confession prior to adducing independent evidence would defeat the purpose of the corpus delicti rule," and (2) "[t]he State failed to present sufficient independent evidence that defendant was driving when he was arrested for driving under the influence of intoxicants." Br. of Resp't at 11. He contends that using evidence found after the statement frustrates the purpose of the corpus delicti rule.
¶ 17 But "[t]he purpose of the corpus delicti rule is to protect a defendant from an unjust conviction based on a false confession alone; it prevents the possibility that a false confession was obtained through police coercion or abuse and the possibility that a confession, though voluntary, is false." State v. Rooks, 130 Wash.App. 787, 802, 125 P.3d 192 (2005) (emphasis added) (citing City of Bremerton v. Corbett, 106 Wash.2d 569, 576-77, 723 P.2d 1135 (1986)), review denied, 158 Wash.2d 1007, 143 P.3d 830 (2006). Thus, the corpus delicti rule is an evidentiary rule that addresses whether the evidence provided by a defendant's confessions or admissions is sound enough for a jury to consider in assessing whether a defendant has committed the crime charged. It is not intended to establish whether additional evidence obtained prior to and independent of the defendant's confession exists to establish probable cause for the defendant's arrest. Accordingly, the district and superior courts did not err when they concluded that the State had established the corpus delicti of the crime.
Timing of Proof
¶ 18 The State next contends that the superior court erred when it held the district court improperly allowed the State to present testimony regarding Hendrickson's statements to the jury before fully establishing corpus delicti. It argues that because the superior court found that the State ultimately established corpus delicti, the admission of this testimony was proper. Relying on State v. Smith, 115 Wash.2d 775, 801 P.2d 975 (1990), State v. McConville, 122 Wash.App. 640, 94 P.3d 401 (2004), review denied, 153 Wash.2d 1025, 110 P.3d 213 (2005), and Hamrick, 19 Wash.App. at 420, 576 P.2d 912, Hendrickson argues that the superior court properly held that the State had to prove corpus delicti before presenting his statements at trial.
¶ 19 It may be better practice to establish corpus delicti before presenting testimony related to the defendant's admissions or confessions, see McConville, 122 Wash.App. at 650 n. 22, 94 P.3d 401 (citing Lung, 70 Wash.2d at 372, 423 P.2d 72), but the order of proof is discretionary. The trial court has discretion to admit evidence out of order so long as the predicate evidence justifying its admission is also presented before the party rests its case. McConville, 122 *425 Wash.App. at 650 n. 22, 94 P.3d 401. Thus, a trial court may permit introduction of the defendant's statements before the State has completed its evidence of the prima facie case on the condition that the State present the corroborating evidence at a later time or risk dismissal of the charges. Lung, 70 Wash.2d at 372, 423 P.2d 72;[4]State v. Anderson, 10 Wash.2d 167, 171-72, 116 P.2d 346 (1941); McConville, 122 Wash.App. at 650 n. 22, 94 P.3d 401; State v. Collins, 30 Wash.App. 1, 12, 632 P.2d 68 (citing State v. Smith, 12 Wash.App. 720, 728, 531 P.2d 843 (1975), aff'd, 88 Wash.2d 127, 559 P.2d 970, cert. denied, 434 U.S. 876, 98 S.Ct. 226, 54 L.Ed.2d 155 (1977)), review denied, 96 Wash.2d 1020, 1981 WL 191025 (1981). The cases Hendrickson relies on do not establish otherwise.
¶ 20 Quoting Smith, Hendrickson states: "`[I]f there is independent proof thereof, such confession may then be considered in connection therewith and the corpus delicti established by a combination of the independent proof and the confession,'" suggesting that the "may then" language indicates the proof must come before admission of the statement. Br. of Resp't at 7 (quoting Smith, 115 Wash.2d at 781, 801 P.2d 975). But this language relates to when or whether a court can consider a defendant's confession itself, in combination with independent proof, when examining whether the State had established the necessary prima facie proof of the crime charged. Smith did not address the timing of this proof of corpus delicti generally.
¶ 21 Similarly, quoting McConville, Hendrickson states: "The corpus delicti rule `controls the admission of a confession by prohibiting a court or jury from considering that confession unless the State offers independent, prima facie, corroborative evidence of the crime,'" suggesting that this language also indicates that the proof must come before the admission of the statement or confession. Br. of Resp't at 8 (quoting McConville, 122 Wash.App. at 648, 94 P.3d 401). But this passage does not further Hendrickson's argument. A jury or a court sitting as the finder of fact does not "consider" the evidence until deliberations. Juries are repeatedly admonished not to discuss the case or the evidence until all the evidence has been presented to it. See 11 Washington Practice: Washington Pattern Jury Instructions: Criminal 1.01, at 4-5 (2d ed.1994). Thus, it is clear that the order of the presentation of evidence is irrelevant because the jury may not consider the evidence until all evidence is before it.
¶ 22 In addition, the issue in McConville was whether the defendant could challenge the admission of a statement on corpus delicti grounds when he had previously stipulated to the admission of police reports that contained the defendant's written confession and did not object to the statement until after the State had rested it case-in-chief. 122 Wash.App. at 648, 94 P.3d 401. The McConville court did not address the timing of the proof of corpus delicti; rather, it addressed the timing of the defendant's corpus delicti objection. In fact, the McConville court noted that "[o]ur courts have held that a defendant may raise a corpus delicti challenge at any time during the trial, even after the State has presented its case in chief." 122 Wash.App. at 649, 94 P.3d 401. This arguably supports the argument that the State is not required to establish corpus delicti before introducing the defendant's statements or confessions.
¶ 23 Quoting Hamrick, Hendrickson also states: "The corpus delicti must be shown by some independent evidence before the admissions of the defendant may be utilized, but when such independent evidence is adduced, the admission may be considered in combination with the other facts to establish the defendant's guilt beyond a reasonable doubt." Br. of Resp't at 9 (quoting Hamrick, 19 Wash.App. at 420, 576 P.2d 912). Again, Hendrickson misperceives the emphasized language. The finder of fact does not utilize *426 evidence until it has it all before it for deliberation. The issue in Hamrick, which was also a DUI case, was whether the evidence established corpus delicti at all, not the timing of the proof, and, unlike here, the State did not present any evidence other than the defendant's statement that connected him to the car he had allegedly been driving. 19 Wash.App. at 420, 576 P.2d 912.
¶ 24 Under Lung, Anderson, McConville, and Collins, the district court did not err when it allowed the State to introduce Hendrickson's admissions into evidence before establishing corpus delicti and the superior court erred when it reversed the district court conviction. Because the district court did not err in admitting this evidence, we do not reach the State's harmless error argument.

Costs and Fees Awarded by Superior Court
¶ 25 Finally, the State argues that the superior court's award of fees and costs to Hendrickson under RALJ 9.3(a) was not proper.[5] Because the superior court erred when it dismissed the conviction and the conviction must be reinstated, the award of fees and costs to Hendrickson was improper and should be vacated.
Attorney Fees on Appeal
¶ 26 Neither party requests attorney fees on appeal.
¶ 27 For the reasons stated above, we reverse the superior court's order remanding and dismissing Hendrickson's DUI conviction, and we remand to the district court with directions that it reinstate the conviction and sentence. We also vacate the superior court's award of costs and fees under RALJ 9.3(a).
We concur: BRIDGEWATER, J., and VAN DEREN, A.C.J.
NOTES
[1] These rulings are not at issue on appeal.
[2] Hendrickson did not present any evidence.
[3] The superior court stayed payment of the costs pending discretionary review.
[4] In Lung, the court held that "the trial court has discretion to admit the confession upon the stipulation that it be corroborated by independent proof at a later time." 70 Wash.2d at 372, 423 P.2d 72 (emphasis added). In this context, the reference to a "stipulation" clearly refers to a requirement or condition that the evidence be stricken if the State ultimately failed to prove corpus delicti, not to an agreement by the parties.
[5] RALJ 9.3(a) provides in part, "The party that substantially prevails on appeal shall be awarded costs on appeal."