2014 MAR 10 AM 10:00



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69602-5-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN EDWARD FRANCK, JR., | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: March 10, 2014 |
| | ) | |

Cox, J. – John Franck Jr. appeals his judgment and sentence for felony driving under the influence. He argues that the State failed to prove the *corpus delicti* of the offense. We hold that the State established the *corpus delicti* that he drove or was in actual physical control of the vehicle for purposes of the charged crime.

Franck also argues, and the State concedes, that the State failed to present evidence to justify the imposition of a $1,000 emergency response cost at sentencing. Therefore, we affirm the conviction but remand for further proceedings consistent with this opinion.

At 12:30 a.m. on April 18, 2012, patrol officer Bruce Hurst was dispatched to a road in Federal Way after someone reported that a vehicle was in a ditch with an occupant in the driver's seat. Approximately a minute and a half after the dispatch, Officer Hurst arrived on the scene. He observed a truck in a ditch and

Franck standing outside the driver's side door. Officer Hurst did not see anyone else in the area.

Officer Hurst asked Franck if he needed medical attention and what happened. Franck told him that he lost control of the truck in a curve. When Officer Hurst said he did not see a curve in the road, Franck said he lost control because of new tires.

At first, Officer Hurst could not tell if Franck was intoxicated. But when he moved downwind from Franck, he testified that he could smell "an overwhelming odor of alcohol." Two other officers testified that they smelled alcohol emanating from Franck, observed Franck slurring his speech and swaying, and noticed that his eyes were bloodshot and watery.

Franck's manager later testified that the truck that was in the ditch was the company vehicle assigned to Franck.

The State charged Franck by amended information with felony DUI and reckless driving.

Before trial, Franck moved to dismiss for lack of *corpus delicti*. After hearing testimony from a number of witnesses and argument, the trial court denied this motion. The jury convicted Franck of felony DUI.

At sentencing, the trial court imposed a $1,000 emergency response cost. Franck appeals.

## CORPUS DELICTI

Franck argues that there was insufficient evidence, independent of his admission, to establish the *corpus delicti* of driving under the influence.

2

Specifically, he asserts that the State failed to prove that he drove or was in actual physical control of the vehicle. We disagree.

"*Corpus delicti* means the 'body of the crime' and must be proved by evidence sufficient to support the inference that there has been a criminal act."[1] A defendant's confession is not admissible unless independent corroborating evidence establishes the *corpus delicti* of the offense.[2] "The purpose of the *corpus delicti* rule is to protect a defendant from an unjust conviction based on a false confession alone; it prevents the possibility that a false confession was obtained through police coercion or abuse and the possibility that a confession, though voluntary, is false."[3]

To establish the *corpus delicti* of driving under the influence, the State had to present sufficient evidence, independent of Franck's admission, that he was driving or in actual physical control of the vehicle while intoxicated.[4]

The independent evidence may either be direct or circumstantial.[5] "It is sufficient if it prima facie establishes the *corpus delicti*."[6] "Prima facie" in the

---

[1] State v. Hendrickson, 140 Wn. App. 913, 919, 168 P.3d 421 (2007) (internal quotation marks omitted) (quoting State v. Aten, 130 Wn.2d 640, 655, 927 P.2d 210 (1996)).

[2] State v. Hummel, 165 Wn. App. 749, 758, 266 P.3d 269 (2012), review denied, 176 Wn.2d 1023 (2013).

[3] State v. Rooks, 130 Wn. App. 787, 802, 125 P.3d 192 (2005).

[4] State v. Hamrick, 19 Wn. App. 417, 419, 576 P.2d 912 (1978).

[5] Hummel, 165 Wn. App. at 758-59.

[6] Id.

context of this rule means "'evidence of sufficient circumstances which would support a logical and reasonable inference' of the facts sought to be proved."[7] "In addition to corroborating a defendant's incriminating statement, the independent evidence 'must be consistent with guilt and inconsistent with a[ ] hypothesis of innocence.'"[8]

In assessing whether there was sufficient evidence of the *corpus delicti*, this court assumes the truth of the State's evidence and draws all reasonable inferences from it in a light most favorable to the State.[9] We review de novo the trial court's *corpus delicti* determination.[10]

In State v. Hendrickson, Division Two of this court concluded that the State established the *corpus delicti* of driving under the influence.[11] The court explained, "The independent evidence here clearly provided prima facie proof of *corpus delicti* in respect to whether Hendrickson was driving the car; the car the officers found was registered to Hendrickson and Hendrickson was the only person in the area."[12] Moreover, "the officers noted that Hendrickson smelled

---

[7] Aten, 130 Wn.2d at 656 (quoting State v. Vangerpen, 125 Wn.2d 782, 796, 888 P.2d 1177 (1995)).

[8] Hendrickson, 140 Wn. App. at 920 (alteration in original) (internal quotation marks omitted) (quoting Aten, 130 Wn.2d at 660).

[9] Aten, 130 Wn.2d at 658.

[10] State v. Pineda, 99 Wn. App. 65, 77-78, 992 P.2d 525 (2000).

[11] 140 Wn. App. 913, 920, 168 P.3d 421 (2007).

[12] Id.

strongly of alcohol, that his eyes were bloodshot and watery, and that his face was flushed."[13]

Here, the evidence is similar to that in Hendrickson.[14] Franck's manager testified that the truck in the ditch was a company vehicle assigned to Franck. Additionally, when the first officer arrived on the scene, he observed Franck standing near the truck and Franck was the only person near the scene. This independent evidence provides prima facie proof that Franck drove or was in actual physical control of the truck at the time of the accident. Moreover, Franck does not argue that the State failed to prove that he was intoxicated. The evidence from the officers who responded to the scene of the accident was sufficient to establish that he was. Thus, as in Hendrickson, the State established the *corpus delicti* of the offense.

Franck argues that Hendrickson is distinguishable from this case. He points to several factual differences, but none are material.

In Hendrickson, officers found the car that Hendrickson was driving at the bottom of a ravine.[15] The keys were in the ignition.[16] In contrast, Franck asserts that the keys were not in the truck's ignition. Instead, keys were in Franck's

---

[13] Id.

[14] See id.

[15] Opening Brief of Appellant at 16 (citing Hendrickson, 140 Wn. App. at 917).

[16] Id. (citing Hendrickson, 140 Wn. App. at 917).

5

pocket, but the officers failed to check if these keys belonged to the truck. He also contends that there was no evidence that the truck had just crashed.

But these distinguishing facts were not the basis for Division Two's conclusion that the State established the *copus delicti*.[17] That court's conclusion was based on the fact that the car was registered to Hendrickson, and Hendrickson was the only person near the car.[18] Here, there was evidence that the vehicle was assigned to Franck, and he was the only person near the car. Thus, these factual differences are not material to our conclusion.

Franck also asserts that even though he was the only person in the area at the time the officers arrived, the location of the truck was within walking distance from a residential area and a park and ride. While this may be true, he was the only person in the area at 12:30 a.m. Thus, this argument is not persuasive.

Finally, Franck asserts that this case is more like State v. Hamrick in which Division Two concluded that that there was "no independent evidence or inference connecting [Edgar Hamrick] with control of the car."[19] But that case is distinguishable.

---

[17] Hendrickson, 140 Wn. App. at 920.

[18] Id.

[19] 19 Wn. App. 417, 420, 576 P.2d 912 (1978); see also Appellant's Opening Brief at 13-14.

There, the first officer on the scene found a truck in a ditch and a car on the shoulder.[20] Both cars were damaged.[21] The officer first spoke to Hamrick in the middle of the road.[22] "The officer testified that he was unable to ascertain whether defendant owned either the pickup or the car, but that [Hamrick] admitted he had been driving the car."[23] The officer found an occupant in the car but there were no details about the occupant's age, condition, or location in the car.[24]

Division Two concluded that "[e]xclusive of defendant's admissions, the State's evidence establishes only that defendant was present when the officer arrived at the scene of the accident."[25] The court stated that it did "not have the slight evidence necessary to logically and reasonably deduct that [Hamrick] was driving the car."[26]

In contrast, as previously discussed, there was sufficient evidence to "logically and reasonably deduct" that Franck was driving this car.[27] Thus, this case is more like Hendrickson than Hamrick.

---

[20] Id. at 418.

[21] Id.

[22] Id.

[23] Id.

[24] Id.

[25] Id. at 420.

[26] Id.

[27] Id.

7

In sum, the State established the *corpus delicti* of the offense with sufficient independent evidence.

## EMERGENCY RESPONSE COST

Franck also argues that the trial court acted outside of its statutory authority when it imposed an emergency response cost. He asserts that this court should strike the condition that Franck pay the $1,000 cost. The State concedes that evidence should have been presented to the trial court to justify the $1,000 emergency response cost. But it contends that the proper remedy, given that Franck did not object below, is to remand to the trial court, so that the State may present additional evidence to justify the cost. We agree with the State.

RCW 38.52.430 states that a person guilty of certain offenses involving intoxication is liable for the emergency response cost:

> A person whose intoxication causes an incident resulting in an appropriate emergency response, and who, in connection with the incident, has been found guilty of or has had their prosecution deferred for (1) driving while under the influence of intoxicating liquor or any drug, RCW 46.61.502 . . . is liable for the expense of an emergency response by a public agency to the incident.
> . . .
>
> Following a conviction of an offense listed in this section, and prior to sentencing, *the prosecution may present to the court information setting forth the expenses incurred by the public agency for its emergency response to the incident. Upon a finding by the court that the expenses are reasonable, the court shall order the defendant to reimburse the public agency.*[28]

---

[28] (Emphasis added.)

Here, at sentencing, the trial court imposed a $1,000 emergency response cost. We accept the State's concession that it failed to present information to the trial court to justify the cost so that the court could determine that the cost is reasonable. Moreover, we agree with the State that the proper remedy is to remand this case.

The States cites State v. Bergstrom to support remand.[29] There, the supreme court explained three approaches when a "sentencing court's offender score determination is challenged on appeal for insufficient evidence of prior convictions."[30] While the issue in this case does not involve an offender score, this issue involves insufficient evidence to support the emergency response cost.

In Bergstrom, the relevant approach provides that "if the State alleges the existence of prior convictions at sentencing and the defense fails to 'specifically object' before the imposition of the sentence, then the case is remanded for resentencing and the State is permitted to introduce new evidence."[31]

Franck does not provide any authority to support his argument that the proper remedy is to strike the cost without remand.

Here, like Bergstrom, the proper remedy is remand. Because Franck failed to object to the emergency response cost at sentencing, we remand so that the State may present evidence in support of the request for this cost. The

---

[29] State v. Bergstrom, 162 Wn.2d 87, 169 P.3d 816 (2007).

[30] Id. at 93.

[31] Id.

determination of the extent to which this cost is recoverable is a decision to be made by the trial court.

## STATEMENT OF ADDITIONAL GROUNDS

Franck filed a statement of additional grounds in which he asserts that he was not driving the truck. We need not address this argument as it is adequately addressed in his appellate counsel's brief.[32]

We affirm Franck's conviction, vacate the award of the emergency response cost, and remand for further proceedings consistent with this opinion.

_Cox, J._

WE CONCUR:

---

[32] See, e.g., State v. Gomez, 152 Wn. App. 751, 754, 217 P.3d 391 (2009) (refusing to review a defendant's statement of additional grounds because he raised no new issues).