# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 76338-5-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| ABDIRAUF A ISSE, | ) | |
| | ) | |
| Appellant. | ) | FILED: August 6, 2018 |
| | ) | |

LEACH, J. — Abdirauf Isse appeals his conviction for driving under the influence of intoxicating liquor (DUI).[1] He claims that the State did not present sufficient independent evidence of his guilt to allow it to consider his statements about driving as evidence of his guilt. We disagree and affirm.

## FACTS

The facts are undisputed.[2] In December 2015 around 2:00 a.m., Washington State Patrol (WSP) Sergeant Kyle Smith arrived at the scene of a single-vehicle collision on Interstate 5 (I-5). This incident occurred over one-half mile from the nearest entrance or exit ramp just around the bend of a blind curve where the road had no shoulder and was elevated about 20 feet in the air. Other

---

[1] RCW 46.61.502.
[2] We treat unchallenged findings of fact as true on appeal. State v. O'Neill, 148 Wn.2d 564, 571, 62 P.3d 489 (2003).

cars were on the road. Smith saw a vehicle with front-end damage blocking a lane of travel. Only Isse and a tow truck driver were present. Isse told Smith he drove over black ice, lost control, and hit both the west and east barriers. The temperature was between 40 and 50 degrees Fahrenheit.

Smith asked Isse for the vehicle registration. Isse retrieved it from the glove box with no difficulty. Isse told Smith that the car was registered to his cousin. A license plate check confirmed this. Isse did not have a driver's license. Trooper Jacob Wilkins, who arrived at the scene after Smith, testified that he could not recall the exact location of the car keys but remembers seeing them in either the ignition or the passenger seat.

The tow truck left because Isse was unable to pay the towing fee. Wilkins told Isse to return to the vehicle to wait for another tow truck. Isse sat in the driver's seat without having to adjust it. When the second tow truck arrived, Isse became upset that his vehicle would be towed. He began to yell at Wilkins who was within close range. Wilkins smelled alcohol on Isse's breath. Wilkins conducted a DUI investigation, placed Isse under arrest, and called for backup. Isse spit on several WSP troopers while Wilkins was reading him his Miranda[3] rights.

---

[3] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

The State charged Isse with DUI and third degree assault. Before trial, Isse asked the court to suppress his statements. At trial, at the close of the State's argument, he asked the court to dismiss the DUI charge, claiming that the State did not provide sufficient evidence to prove the corpus delicti of the DUI charge. The trial court denied both motions. A jury convicted him as charged. He appeals his DUI conviction.

## ANALYSIS

Isse claims that the State did not produce sufficient evidence to establish the corpus delicti of his DUI charge; in the absence of this proof, the court could not consider his statements that he was driving the car when it crashed. We disagree.

"The doctrine of corpus delicti protects against convictions based on false confessions, requiring evidence of the 'body of the crime.'"[4] Proof of corpus delicti "requires evidence that the crime charged has been committed by someone."[5] The trier of fact may not consider an extrajudicial confession or admission unless the State presents sufficient independent evidence to establish the corpus delicti of the crime.[6] In this context, sufficient evidence, also called

---

[4] State v. Cardenas-Flores, 189 Wn.2d 243, 247, 401 P.3d 19 (2017) (internal quotation marks omitted) (quoting State v. Aten, 130 Wn.2d 640, 655-57, 927 P.2d 210 (1996)).

[5] State v. Hamrick, 19 Wn. App. 417, 418, 576 P.2d 912 (1978).

[6] State v. Neslund, 50 Wn. App. 531, 542, 749 P.2d 725 (1988).

prima facie evidence, is evidence of sufficient circumstances to support a "'logical and reasonable inference'" of the facts that the State seeks to prove.[7] Although the corpus delicti of most crimes does not include the identity of the guilty actor, the corpus delicti of DUI requires independent evidence that the defendant operated or was in actual physical control of a vehicle while he was under the influence of intoxicating liquor.[8]

We review de novo whether the State introduced sufficient evidence of the corpus delicti independent of the defendant's admission.[9] This court views the evidence and reasonable inferences in the light most favorable to the State.[10] We accept unchallenged findings as true on appeal.[11] A lack of sufficient evidence to establish the corpus delicti requires reversal.[12]

The State and Isse disagree about the standard this court should use to decide whether the State established the corpus delicti of DUI. The State contends that corpus delicti is an evidentiary rule that addresses whether sufficient independent evidence allows admissibility of a confession. It asserts that City of Bremerton v. Corbett[13] establishes the correct standard. In Corbett,

---

[7] Aten, 130 Wn.2d at 656 (quoting State v. Vangerpen, 125 Wn.2d 782, 796, 888 P.2d 1177 (1995)).

[8] Hamrick, 19 Wn. App. at 419; RCW 46.61.502, .506.

[9] State v. Pineda, 99 Wn. App. 65, 77-78, 992 P.2d 525 (2000).

[10] Pineda, 99 Wn. App. at 77.

[11] O'Neill, 148 Wn.2d at 571.

[12] Aten, 130 Wn. 2d at 662.

[13] 106 Wn.2d 569, 723 P.2d 1135 (1986).

our Supreme Court consolidated four cases involving three defendants charged with driving while intoxicated and one defendant charged with being in actual physical control of the vehicle while intoxicated.[14] The court explained the standard, stating it is not "necessary that the evidence exclude every reasonable hypothesis consistent with petitioners not driving a car."[15] It held that the State presented sufficient evidence to allow consideration of the defendants' admissions.[16]

Isse, however, asserts that corpus delicti is a sufficiency-of-the-evidence rule with constitutional implications. In a recent case, our Supreme Court explained, "While corpus delicti also concerns admissibility," it "is, at heart, a rule of sufficiency."[17] Isse also claims that State v. Aten,[18] not Corbett, establishes the correct standard. In Aten, after a bench trial, the trial court found Aten guilty of second degree manslaughter.[19] Our Supreme Court stated that under these facts, "circumstantial evidence proving the corpus delicti 'must be consistent with guilt and inconsistent with an hypothesis of innocence.'"[20] The court

---

[14] Corbett, 106 Wn.2d at 571.
[15] Corbett, 106 Wn.2d at 573, 578.
[16] Corbett, 106 Wn.2d at 580.
[17] Cardenas-Flores, 189 Wn.2d at 263.
[18] 130 Wn.2d 640, 927 P.2d 210 (1996).
[19] Aten, 130 Wn.2d at 643-44, 654.
[20] Aten, 130 Wn.2d at 660 (quoting State v. Lung, 70 Wn.2d 365, 372, 423 P.2d 72 (1967)).

distinguished Corbett and stated, "Corbett is not controlling in this case," in part, because Aten involved homicide while Corbett did not.[21]

Here, we need not decide which test applies because the State presented sufficient evidence to satisfy both. Isse contends that the facts found by the trial court are consistent with a theory of innocence, so the State did not satisfy the Aten standard. First, he relies on State v. Hamrick[22] to support his assertion that his presence at the scene of the incident could be consistent with innocence. In Hamrick, Division Two of this court affirmed the dismissal of Hamrick's DUI charge on the ground that the State did not establish sufficient evidence to prove Hamrick was driving when it showed only that he was present at the scene of the accident when the officer arrived.[23]

Second, Isse asserts the fact that he did not have a license and the vehicle was registered to his cousin is evidence consistent with innocence. He relies on a number of cases in which the State established corpus delicti, in part, by introducing evidence that the defendant was the registered driver of the vehicle.[24] He contends that "[i]t would make sense" that his cousin caused the

---

[21] Aten, 130 Wn.2d at 660-61
[22] 19 Wn. App. 417, 576 P.2d 912 (1978).
[23] 19 Wn. App. at 418, 420.
[24] See, e.g., State v. Hendrickson, 140 Wn. App. 913, 920, 168 P.3d 421 (2007) (stating that Hendrickson was the registered owner of the car involved in the one-car collision); see also Corbett, 106 Wn.2d at 571-80 (stating that in each of the four cases consolidated in the appeal, the defendant was the registered owner of one of the involved vehicles).

one-car collision and then fled the scene, after which he stayed behind to ensure that someone safely towed his cousin's car.

But unlike Hamrick, here, the State relies on much more than Isse's presence at the scene to establish corpus delicti. And although Isse was not the registered owner of the vehicle, evidence corroborates that he was driving it. Wilkins found the car keys on-site. And Isse retrieved the vehicle registration without issue, sat in the driver's seat without adjusting it, and negotiated with the tow truck driver about its removal.

In addition, the accident occurred on I-5 around a blind curve where there was no shoulder, was over one-half mile from the nearest entrance and exit ramp, and blocked an entire lane of travel. Because the conditions were not safe for a pedestrian to leave on foot and would likely lead law enforcement to respond quickly, it is unreasonable to infer that Isse's cousin would have been able to flee the scene. The totality of these circumstances supports a logical and reasonable inference that Isse committed the charged crime and is inconsistent with his innocence. The State met its burden of introducing evidence of sufficient circumstances independent of Isse's admission under either the Corbett or the Aten standard.

## CONCLUSION

We affirm.

_Leach, J._

WE CONCUR:

_Dwyer, J._                    _Schindler, J._